FAGA & ZANDERS, Appellants, v. C. & F. HEMPHILL, Appellees.

Accounting: RESTATEMENT OF ACCOUNT BY TRIAL JUDGE BY ORDER OF SUPREME COURT: EVIDENCE. Where upon appeal in an action for an accounting, the trial judge was ordered, as a commissioner of the supreme court, to file in that court a restatement of the account between the parties in the light of certain books of account which had been erroneously excluded from the evidence, and it appeared that the finding made by the trial judge in pursuance to said order was as nearly correct as could be attained in view of the character of the evidence, *held*, that the judgment of the district court would be modified so as to conform to such finding, and affirmed.

*Appeal from Dallas District Court.*—HON. J. H. HENDERSON, Judge.

MAY 19, 1891.

THIS action was brought to recover an amount claimed to be due the plaintiffs from the defendants upon an account which arose in the business of pur-

chasing and selling live stock. There was a cross-petition in equity filed by the defendants in which they demanded an accounting of all the transactions between the parties. The cause was fully heard upon the merits and it was found that the plaintiffs were indebted to the defendants in the sum of one thousand, two hundred and twelve dollars and ninety-three cents, for which sum judgment was rendered. The plaintiffs appeal.—*Modified and affirmed.*

*Cole, McVey & Clark*, for appellants.

*Kauffman & Guernsey*, for appellees.

ROTHROCK, J.—The plaintiffs, Faga & Zanders, are a copartnership doing business as general merchants and buyers of live stock at Adair in this state. The partnership had been doing that business at Adair for several years prior to March 4, 1886. For some time before that the defendants, C. & F. Hemphill, who reside at DeSoto, had been competing with the plaintiffs in the purchase and shipment of live stock at Adair.

On the fourth day of March, 1886, an arrangement was made between the parties by which the plaintiffs gave up and discontinued the business in favor of the defendants. By this arrangement the defendants deposited money with the plaintiffs to pay for stock purchased by them at Adair. One William Montgomery had represented the defendants before that in purchasing stock at Adair. He was continued in their employ. In pursuance of this arrangement the defendants from time to time, between March 4, 1886, and March 6, 1888, deposited with the plaintiffs the aggregate sum of one hundred and sixty-seven thousand, three hundred and forty-seven dollars and sixteen cents. The plaintiffs claim that they paid out for stock purchased for the defendants and for expenses and other incidental and necessary outlays, the sum of

one hundred and sixty-eight thousand, nine hundred and forty-six dollars and eighty-three cents, and they demand judgment for the amount overpaid, being the sum of one thousand, five hundred and ninety-nine dollars and sixty seven cents, with interest and costs. The whole record shows that the accounts between the parties were kept in a loose and unsatisfactory manner, and in making up the account the books of account of the plaintiffs were not considered as proper and legal evidence. Upon an examination of the record this court was of opinion that the books should have been admitted in evidence; and, as there was contention between parties as to how far the defendants were bound by the acts of Montgomery, we settled that question and made the following order:

"An examination of this cause has been made by the court. There is no valid objection to the manner in which the appeal is presented by the appellant, and the motion to strike the appellant's abstract is over-ruled. The evidence shows by a fair preponderance that Montgomery was a general agent of the defendants for the purpose of purchasing and shipping live stock. The defendants were bound by all of his acts pertaining to the business, including the drawing of checks and tickets for payment for stock and other necessary expenditures. We think the books of the plaintiffs ought to have been considered as proper evidence in stating the account between the parties. They are, in our opinion, admissible in evidence. We are inclined to think that too much importance was attached to the report of the cost of the car lots by the postal cards. The manner in which the business was transacted demonstrates that they cannot be relied upon in stating an account between the parties. We have given no reason for the conclusions we have reached, because this is not an opinion to be published, but it is in the nature of an order for a restatement of the account, with the aid of

the plaintiffs' books as evidence. The learned district judge who tried the case made a statement without considering the books as evidence. It is apparent that this court can not state an account anew without undergoing a great deal of labor. It is, therefore, ordered that HON. J. H. HENDERSON restate the account as a commissioner of this court, and file his restatement in the office of the clerk on or before December 20, 1890. The cause has been fully argued; and no further argument is desired either before this court or before the said district judge. This order is made for the purpose of aiding this court in the final determination of the case."

This order was made with a knowledge that the district judge who tried the case is not only an able and distinguished jurist, but that he is also, by reason of early training and experience, an expert accountant. In pursuance of the order he again examined the evidence, and restated the account, and the result is that he finds the plaintiffs indebted to the defendants in the sum of one thousand, one hundred and fifty-two dollars and seventy cents, which is sixty dollars and twenty-three cents less than the amount first found to be due the defendants. We have examined this account and the accompanying schedules in connection with the other evidence, and our conclusion is that the result reached is as nearly correct as it is possible to attain in view of the difficulties in arriving at anything like mathematical correctness.

The judgment of the district court will be modified by reducing the amount in the sum of sixty dollars and twenty-three cents. MODIFIED AND AFFIRMED.

UPON REHEARING.

WEDNESDAY, MAY 25, 1892.

KINNE, J.—This cause was decided at the May term, 1891, of this court. On an examination of the

case, and before the opinion was written, it was determined that the court below had erroneously excluded the plaintiffs' books of account, whereupon this court made the following order:

"An examination of this cause has been made. by the court. There is no valid objection to the manner in which the appeal is presented by the appellant, and the motion to strike appellant's abstract is overruled. The evidence shows by a fair preponderance that Montgomery was a general agent of the defendant for the purpose of purchasing and shipping live stock. The defendants were bound by all of his acts pertaining to the business, including the drawing of checks and tickets for payment for stock and other necessary expenditures. We think the books of the plaintiff ought to have been considered as proper evidence in stating the account between the parties. They are, in our opinion, admissible in evidence. We incline to think that too much importance was attached to the report of the cost of the car lots by the postal cards. The manner in which the business was transacted demonstrates that they cannot be relied upon in stating an account between the parties. We have given no reasons for the conclusions we have reached, because this is not an opinion to be published, but it is in the nature of an order for restatement of the account, with the aid of the plaintiffs' books as evidence. The learned district judge who tried the case made a statement without considering the books as evidence. It is apparent that this court cannot state an account without undergoing a great deal of labor. It is therefore ordered that Hon. J. H. Henderson restate the account, as a commissioner of this court, and file his restatement in the office of the clerk on or before December 20, 1890. The cause has been fully argued, and no further argument is desired either before this court or before the said district judge. This order is

made for the purpose of aiding this court in the final determination of the case.''

In accordance with the above order, the district judge made his report to this court, wherein he restated the account, taking into consideration the plaintiffs' books, and finding the sum of one thousand; one hundred and fifty-two dollars and seventy cents due the defendants. The sum so found being sixty dollars and twenty-three cents less than the amount of the judgment entered in the court below, said judgment was modified to that extent, and affirmed. The appellants then filed a petition for a rehearing, based principally on certain alleged mistakes of the commissioner in making the accounting, also claiming he had not in fact complied with the order of this court directing him as to what he should take into consideration in making said accounting. A rehearing was granted, and the case reargued.

We have carefully examined the commissioner's report, including his restated account, as well as the original books and papers in evidence, in view of the objections made to said report, and are satisfied that the same is as nearly correct as can be made, considering the incompleteness and uncertainty of the items in the books of account. The application of the plaintiffs, therefore. for another reference, is overruled, and the original opinion is adhered to. AFFIRMED.