R. L. BURNETT, Appellee, v. JAMES LOUGHRIDGE, Appellant.

1. **Appeal**: RECORD: JUDGE'S CERTIFICATE TO EVIDENCE. A judge before whom a cause has been tried can not, after his term of office has expired, certify the evidence for the purposes of an appeal. But where the decree, duly signed by the judge, recited that the evidence was all reduced to writing by the shorthand reporter of the court taking same in shorthand, and that the same was ordered filed, and made a part of the record, and the shorthand notes were duly certified by the reporter and filed as ordered, *held*, that the legal effect was the same as if the certificate of the judge had been duly attached to the notes, and that a duly certified translation of these notes by the reporter was not required to be certified by the judge, and the fact that the judge's certificate thereto was made after the expiration of his term of office became immaterial.

2. **Action for Accounting**: STATEMENT OF ACCOUNT BY COURT. In an action in equity involving mutual accounts, it is proper for the trial judge to make a statement of the accounts, but a party can not demand it as a matter of right; and although the supreme court will sometimes remand a cause, under such circumstances, for a restatement of accounts, this will not be done where a satisfactory conclusion can be reached without such restatement.

3. **Pleading**: FAILURE TO DENY COUNTERCLAIM: WAIVER. Although matter in the nature of a counterclaim, unless denied, must be treated as confessed, yet if all through the trial it is treated as denied, the defendant introducing evidence to support it, and the plaintiff to rebut it, the defect in the pleading will be deemed waived, and the defendant can not, upon appeal, insist that his counterclaim was confessed.

*Appeal from Mahaska District Court.*—HON. W. R. LEWIS, Judge.

FRIDAY, JANUARY 27, 1893.

ACTION in equity to recover an amount alleged to be due for services rendered, and for board furnished to the defendant and to others on the defendant's account. The defendant seeks to recover on a counterclaim for family supplies furnished. There was a trial on the merits, and a decree in favor of the plaintiff. The defendant appeals.—*Affirmed.*

*John F. & W. R. Lacey*, for appellant.

*Bolton & McCoy*, for appellee.

ROBINSON, C. J.—About the first day of March, 1884, the plaintiff and her husband, Joel Burnett, under a verbal agreement with the defendant, moved into a farmhouse which he owned, and remained there until December, 1887. During that time the plaintiff and her husband furnished board to the defendant and to some of his workmen. There is conflict in the evidence in regard to the terms of the agreement, but a fair preponderance of the evidence shows that it was as follows: The plaintiff and her husband were to have the use of the house, excepting one room, which was reserved and occupied by the defendant, and the use of a garden. They were to board the defendant; do his washing and mending, and keep his rooms in order. He was to furnish one-third of the provisions required for three persons, and was to pay the value of whatever labor, in addition to that specified, was performed for him, and for the board of his workmen. That agreement was originally for one year or less, but was, in effect, continued until the plaintiff and her husband left the farm. The husband performed some labor for

the defendant, and board was furnished to a laborer employed by him for about two and one-half years, and to several other hands for shorter periods of time. The husband assigned to the plaintiff his rights against the defendant, and she is now the owner of all claims which have accrued in favor of herself and her husband, subject to such credits as the defendant is entitled to receive. The defendant furnished flour and other supplies for the family, and claims to have purchased a promissory note made by the husband, and to have paid certain sums of money, for which he is entitled to credit. He demands judgment on a counter-claim for the sum of five hundred dollars. The district court rendered a decree in favor of the plaintiff for three hundred dollars and costs.

I. The appellee has filed objections to a trial *de novo* in this court on the ground that the evidence was

1. APPEAL: record: judge's certificate to evidence.

not preserved and made of record as required by law. It appears that the evidence was submitted on the thirteenth day of May, 1890, and that it was taken in shorthand by the official reporter, who filed his notes in the proper office on the next day. The cause was taken under advisement by agreement of parties, which provided that the decree should be rendered in vacation. The decree was signed at Montezuma by the trial judge, W. R. Lewis, and was forwarded to Oskaloosa, where it was received and made of record on the thirty-first day of December, 1890. On the next day the official term of the trial judge terminated, and he retired from office. At that time he had not attached a certificate to the shorthand reporter's notes of the evidence. The reporter's translation of the notes was not filed until the twenty-fourth day of June, 1891, and to that is attached a certificate of W. R. Lewis, verified by him, which, it may be conceded for the purposes of this appeal, is sufficient, if competent to identify the evi-

dence. That the certificate of the trial judge, made after the expiration of his term of office, can not be considered, was decided in *Cross v. B. & S. W. Railway Co.*, 58 Iowa, 65, and *Pattersonville Educational Institute v. Coad*, 74 Iowa, 711. A verification will not cure the defect, and the certificate of Judge Lewis can not, therefore, be considered.

The decree contained a statement as follows: "The evidence was all reduced to writing by the shorthand reporter of this court taking same in shorthand, which was ordered filed, and made a part of the record." Section 2742 of the Code, as amended, requires that, in order to secure a trial *de novo* in this court, all the evidence offered in the trial court "shall be certified by the judge." It does not prescribe the manner of certification, and ordinarily it is found most convenient, as well as safest, to attach the certificate to the shorthand reporter's notes, to his translation of the notes, or to the evidence itself, but that is not essential to give effect to the certificate. If it clearly identifies the evidence, so that there can be no mistake as to what is intended, it is sufficient. *Jamison v. Weaver, ante,* p. 72. In this case the decree does not recite that the shorthand report was on file, but it states that all the evidence had been reduced to writing by the shorthand reporter, and that the report had been considered, filed, and made a part of the record. It would have been according to the fact, and more explicit and regular, had the decree referred to the report as then on file, but the omission to do so was not fatal. It is a common practice to preserve the evidence in a case by means of a skeleton bill of exceptions, which contains directions to the clerk to insert in places designated copies of papers, which are fully described, but which are not in his office at the time. This is especially true of the translation of the shorthand reporter's notes, which is seldom in existence when the skeleton bill is signed and

made of record, but that fact does not affect the right of the clerk to insert the translation when it is made and placed on file in his office. The shorthand reporter is an officer of the court, the filing of his notes and the translation thereof are official acts, and when the notes and translation are duly certified and filed they are presumed to be correct. The decree showed that the evidence had been preserved in the shorthand notes of the reporter, and ordered to be made of record. When they were filed they became a part of the record, and were fully identified by the certificate of the reporter thereto attached, and the decree of the court, which was duly signed by the judge, and the legal effect was the same that it would have been had the certificate of the judge been attached to the notes. It has been held that when the notes are duly certified by the judge and filed, and a translation thereof is duly certified by the reporter and filed, the evidence is taken down in writing and certified, and made a part of the record within the requirements of the statute. *Ross v. Loomis*, 64 Iowa, 433; *Merrill v. Bowe*, 69 Iowa, 654; *Institute v. Coad*, 74 Iowa, 711; *Adams County v. Graves*, 75 Iowa, 643. In *Runge v. Hahn*, 75 Iowa, 734, it was held that a certificate which described the evidence as "package of depositions filed" on dates named did not sufficiently identify the evidence, for the reason that the description would apply to any depositions filed on the dates specified, and was not, therefore, definite and certain. In this case the decree recites that all the evidence was reduced to writing by the shorthand reporter, and the report which he filed will be presumed to include it all. That he has performed his duty in regard to the evidence is not questioned. We conclude that the evidence has been sufficiently preserved and identified to permit a trial *de novo* in this court. The objections of the appellant are therefore overruled.

II. The appellant has assigned as an error the

omission of the trial court to make a statement of the 2. ACTION for accounts between the parties. A. state-
accounting:
statement of ment of accounts made by the trial judge
account by
court. would have been proper, and, had it been
made, it might have lessened the labor imposed upon
counsel and upon this court by the appeal. A restate-
ment of account in cases of this kind is sometimes or-
dered. *Faga v. Hemphill*, 86 Iowa, 713. But we do not
think the appellant can demand it as a matter of right.
In his answer he asked for a full accounting of the
business transactions between himself and the plaintiff
and her husband, but did not ask the court to make a
formal statement of account. The accounting was
had, and the decree of the court was based upon it.
The record is in such condition that this court can
reach a conclusion on the evidence without a statement
of account by the district court, and the case will not,
therefore, be remanded to obtain it.

III. On the twenty-fourth day of April, 1890, the
plaintiff filed a reply to the counterclaim, denying the
3. PLEADING: allegations thereof not admitted in her peti-
failure to
deny coun- tion. Thereafter, and on the same day, the
terclaim:
waiver. defendant filed an amendment to his an-
swer, in which he alleged the payment of money and
the furnishing of supplies to the plaintiff and her hus-
band, under the agreement in suit, to the amount of
nine hundred and three dollars and forty-five cents,
and asked judgment for three hundred dollars. The
record fails to show any denial of this pleading. It
contains matter in the nature of a counterclaim, and,
unless denied, must be treated as confessed. The
record, however, shows that it was treated as denied
throughout the trial, without objection on the part of
the defendant. He offered testimony to sustain his
claim to credit on account of the items therein set out,
and the plaintiff offered testimony in resistance. We
are satisfied that the claim that the amendment was

not denied is made for the first time in this court. It is a familiar rule of practice, of general application, that objections which should have been made in the court below will not be sustained when made for the first time in this court. And the rule has been extended to the failure to plead to a counterclaim. *Hervey v. Savery*, 48 Iowa, 322; Elliott, App. Proc. section 720, and note. The question was not considered in *Winkleman v. Winkleman*, 79 Iowa, 320, cited by the appellant. In that case the question determined by this court in the first paragraph of the opinion was first presented to the district court. Whether the pleading involved was treated as filed does not appear.

IV. There is much conflict in the evidence in regard to the various items which make the respective claims of the parties to this action, but the facts which may fairly be regarded as established are substantially as follows: The husband of the plaintiff worked for the defendant five and one half months at the agreed price of twenty dollars per month. In addition, he performed for the defendant one hundred and twenty-seven days' labor, of the value of one dollar and twenty-five cents per day. When the plaintiff and her husband commenced boarding and working for the defendant they furnished provisions of the value of about fifty dollars. One cow owned by the Burnetts and several cows owned by the defendant were milked, and milk was used and butter was made. Some of the milk and butter was used by the family, and the remainder of the butter was sold for supplies of various kinds for the table. Part of the milking and the work of making butter was done by the Burnetts. Poultry was raised, and eggs which it supplied were used by the family, and sold, and some of the poultry was sold. The defendant had a part of the proceeds of sales of butter and poultry, but they were chiefly used in purchasing supplies for the table. The defendant fur-

nished nearly all the flour used, and some fruit, and occasionally other articles of small value. Meat was furnished by both parties. But the supplies obtained from those sources were not sufficient, and the plaintiff paid for others money which her husband received as a pensioner, to the amount, she claims, of from three hundred and fifty-nine dollars to six hundred and seventy-nine dollars. The plaintiff employed a girl to assist in household work, for whose services she paid. The members of the family, including the various laborers employed by the defendant, averaged nearly five in number during the time the plaintiff and her husband occupied the defendant's house. The defendant employed a laborer, who was boarded by the plaintiff during two and one-half years of that time. The defendant paid but eleven dollars and sixty-five cents in money towards the support of the family, but furnished flour to the value of about one hundred and fifteen dollars, and most of the milk from which the butter was made. In addition, he charges seventy dollars for feed and pasturage for a cow, fifty dollars for feed of poultry, fifty dollars for apples, thirty dollars for honey, fifty dollars for eggs sold, three hundred dollars for butter used and sold, and smaller sums for various other items. He also demands credit for a promissory note purchased by him and made by Burnett.

We should not be justified in setting out the items for which credit is asked, and the testimony in regard to them, in detail. It is sufficient to say that some of the charges made by the defendant are wholly unjust, some are excessive, and some are not proved.

The plaintiff has shown herself entitled to credits of two hundred and sixty-eight dollars and seventy-five cents for the labor of her husband, and four hundred and eighty-one dollars and ninety cents at a fair estimate for board furnished, or to a total of seven hundred

and fifty dollars and sixty-five cents, subject to deductions for credits to which the defendant is entitled. After deducting forty-four dollars for the promissory note made by the husband, and other items charged to him by the defendant, the amount due the plaintiff on account of her husband's services is not less than one hundred dollars, the sum claimed therefor in the petition. The evidence submitted does not permit an accurate estimate of the credits to which either party is entitled, but the total value of the supplies furnished for the table during the time in question was not less than one thousand dollars, of which the defendant furnished in poultry, eggs, milk, fruit, meat, and other articles not more in value than four hundred and fifty dollars. His agreement required him to furnish or pay for one third of the supplies needed for a family of three persons, or not less than one-fifth of those which were actually used; hence the value of what he furnished in excess of his share did not exceed two hundred and fifty dollars. Deducting that from the amount of one hundred dollars due the plaintiff for services and the four hundred and eighty-one dollars and ninety cents due her for board, and the net amount due her is found to be larger than that allowed by the district court. Although our estimates may not be entirely accurate, yet we feel warranted in saying that the plaintiff was allowed no more by the district court than she was entitled to recover. As she does not appeal, we need not determine whether her allowance should have been larger.

The judgment of the district court is AFFIRMED.