Johnson, J.
We think the amended answer stated a good defense and that the demurrer filed by plaintiffs should have been overruled. Mrs. Gilbert appeared in person and with counsel in the case in South Dakota. She filed her answer in .that case, resisted the application for divorce and prayed for the allowance of permanent alimony. By these acts she voluntarily submitted herself to the jurisdiction of the South Dakota court, consented to and invoked the consideration and adjudication by that court of all the marital rights and relations between the parties, and is bound by its decree.
The original proceeding in Cuyahoga county was for alimony alone, while that in South Dakota, as'finally submitted, is one for divorce and alimony. And in considering the original decree in Cuyahoga county in connection with that in South Dakota, it must be noted that alimony in a suit for alimony alone is different from alimony in a suit where there is a decree for alimony and divorce. In rendering a decree for alimony alone the court necessarily has in view that the marital contract still exists; that the parties are still bound by all its mutual obligations; that they may become reconciled and that the grounds and the desire for the allowance may be wiped out at any time. A decree in such a case is continually subject to modification, while in rendering a decree for divorce and alimony the court determines the ultimate relation of the parties and fixes the amount and the mode of payment of any money pr property allowance to the wifo. And when there is a divorce in a proceeding in which the wife is in court assert *270 ing her rights and asking for affirmative relief, she is concluded by the decree in that proceeding. Julier v. Julier, 62 Ohio St., 90; Hunt v. Hunt, 72 N. Y., 217; 14 Cyc., 820; Lynde v. Lynde, 181 U. S., 183.
In Weidman v. Weidman, 57 Ohio St., 101, it is held: “Where a wife obtains a divorce from her husband in this state without a decree for alimony, he being personally served with process, she cannot thereafter maintain a separate action against him for alimony.” At page 104 of the opinion the court say: “When both parties have their day in court in the divorce proceedings, and permit the marriage contract to be severed, without at the same time having their property rights growing out of such contract and relation,adjusted, it will be held that they have conclusively waived and' withdrawn the consideration of that question from the court, and neither of them can thereafter be heard in aid of an adjudication as to such property, or as to such property rights.”
It follows, of course, that if alimony claims are adjusted in the decree in such a proceeding the parties are equally bound.
It is contended on behalf of Mrs. Gilbert that the court in South Dakota should have accepted the order in Cuyahoga county as conclusive on it and should have given it the same force as a judgment of another state is entitled to. This contention is not sound. A money decree for alimony is not a judgment in the full legal meaning of the term. It is not a provable claim under the bankruptcy statute. It does not become dormant because of failure to issue execution on it *271 for more than five years. Lemert v. Lemert, 72 Ohio St., 364; State, on Complaint of Cook, v. Cook, 66 Ohio St., 566.
An order or decree for alimony payable in installments where there is no decree for divorce is subject to be modified, changed or terminated by the future action of the court, having before it the parties themselves and all of the facts and the then existing circumstances. Olney v. Watts, 43 Ohio St., 499; Myers v. Myers, 3 N. P., 162; Sargent v. Sargent, 8 N. P., 238.
An order for alimony payable in installments made in a divorce action in one state, subject under the laws, of that state to modification, will not support an action as on a judgment in another state, as the same is not a final judgment for a fixed sum. Lynde v. Lynde, 162 N. Y., 405, Bleuer v. Bleuer, 27 Okla., 25. Inasmuch as it is well settled that the original order for alimony which was entered in favor of Mrs. Gilbert in Cuyahoga county was not a judgment within the strict meaning of the term, but was such an order as was continually subject to modification, and inasmuch as Mrs. Gilbert elected to submit all her rights under said order and any other claims or demands which she had against her husband to the court in South Dakota, she is now estopped and will not be heard to again assert in this state any of the rights she may have had under the original decree, which was so determined by the court in South Dakota. Petersine v. Thomas, 28 Ohio St., 596: Patton v. Loughridge, 49 Ia., 218; Babcock & Co. v. Camp, 12 Ohio St., 11; Fischli v. Fischli, 1 Blackf., 360.
*272 The presumption is that the court in South Dakota having before it as part of the case the original decree in Cuyahoga county, with -full information as to the conduct of the parties since that decree as well as other circumstances proper to be considered under the pleadings in that case, entered such a decree as was justified, and that that court gave such force and credit to the Cuyahoga county decree as such a decree was entitled to, in connection with all the other circumstances.
We think the judgment of the courts below should be reversed.

Judgment reversed.

- Spear, C. J., Davis, Shauck, Price and Donahue, JJ., concur.