Blythe v. Blythe.

## BLYTHE v. BLYTHE.

1. **Practice:** APPOINTMENT OF GUARDIAN AD LITEM FOR INSANE PLAINTIFF. The action of the District Court in appointing a guardian *ad litem* for a female plaintiff upon her insanity being suggested and supported by affidavits, will not be reviewed where the transcript does not purport to contain all the proofs and papers offered in the cause.

2. **Continuance:** ON APPOINTMENT OF GUARDIAN AD LITEM. The continuance of a case, by the District Court, at the request of a guardian *ad litem*, who has just been appointed, in order to give him an opportunity to prepare for trial, is not an improper exercise of judicial discretion.

3. **Alimony:** CHANGE OF DECREE. The power to change a decree granting alimony, under section 2537 of the Revision, can be exercised only where there has been a change of circumstances since the decree. The power to grant a new trial or retry the case is not included, but only the power to adapt the decree to the new or changed circumstances of the parties; and an order allowing temporary alimony in a proceeding in which the petition alleges no such change of circumstances is erroneous.

*Appeal from Madison District Court.*

FRIDAY, JULY 3.

THE plaintiff and defendant were married in June, 1857. They separated in September, 1861. In March, 1864, she brought suit for divorce on the ground " that the treatment which she received from the said Benjamin Blythe and his children was such as to endanger her life." No answer was filed, but at the hearing in April, 1864, defendant appeared by his attorney, and the court ad-

judged that the bonds of matrimony between plaintiff and defendant be dissolved, set aside and held for nought. No order was made as to property or alimony, and the plaintiff was adjudged to pay the costs, and execution was awarded. Nothing more was heard of the case or parties until in June, 1867, this action was brought. The petition sets up the prior decree of divorce; that no order as to alimony was made; that the plaintiff is in a suffering condition, and the defendant has property; and asks that the former decree be so altered as to require defendant to pay plaintiff such sums of money from time to time as the court may deem proper. The answer of defendant denies the destitution of plaintiff and the wealth of defendant; it avers that plaintiff was guilty of adultery before the divorce suit was brought, and that she has since and is now living a criminal, lascivious and adulterous life, and if she is destitute that is the cause of it. After the answer was filed, the insanity of the plaintiff was suggested; thereupon the court appointed a guardian *ad litem* for her, and continued the cause at his request. On motion of plaintiff the court also allowed fifty dollars as temporary alimony and ordered execution therefor.

The defendant excepted to all three of these rulings, and now appeals therefrom.

*Leonard & Mott* for the appellant.

*McPherson & Murray* for the appellee.

Cole, J.—The first error complained of is the appointment of a guardian *ad litem* for the plaintiff. The

1. Practice: appointment of guardian *ad litem* for insane plaintiff.

record entry states simply, "that the insanity of the plaintiff being suggested, the court thereupon appointed" a guardian *ad litem*. If this was all the showing made to the Dis-

Blythe v. Blythe.

trict Court, the correctness of the order might well be doubted. But the transcript contains the affidavits of two persons, as to the present insanity of plaintiff, and for aught we know, the District Court may have had before it the evidence that plaintiff had, since the bringing of the suit, been duly and regularly found insane by proper proceedings. The transcript does not purport to contain the proofs, nor all the papers offered in the cause. Under such circumstances the presumption of regular and proper action by the District Court obtains. The appellant must show error affirmatively. This he has not done, so far as the order for a guardian *ad litem* is concerned.

As to the continuance, we need only remark, that, since the court had but just appoined a guardian *ad litem*, it 2. CONTINU- was a proper exercise of judicial discretion to ANCE: on appointment continue the cause, in order to afford an oppor- of guardian *ad litem.* tunity for that preparation necessary to a fair trial of the cause. It was not granted, so far as appears, for the fault or negligence of plaintiff. If the court deemed the continuance proper, in order to thereby the more nearly obtain substantial justice, it might properly order it. Rev. § 3009.

The order allowing alimony to plaintiff was erroneous. The relation of husband and wife, does not subsist be- 3. ALIMONY: tween the plaintiff and defendant. That re- change of decree. lation must exist either *de jure* or *de facto* in order to justify an order for alimony. Bish. on Mar. and Div. §§ 570, 579. But there is a more potent reason still, in this case; and it is that there is no suggestion or averment in the petition of any change of circumstances or condition of the parties since the former decree. Although the court granting a divorce has, by force of our statute (Rev. § 2537), power to make changes in the decree in respect to property and children, yet this power certainly ought not to be exercised, only upon such change of cir-

cumstances as demand the change in the decree. That is to say, the original decree is conclusive upon the parties as to their then circumstances; and the power to make changes in the decree is not a power to grant a new trial or retry the same case, but only to adapt the decree to the new or changed circumstances of the parties. In view of the facts averred in the answer and verified by defendant, it is difficult to conceive of a principle upon which plaintiff's right to alimony could be made to rest, even upon final hearing. We do not deem it necessary now to determine whether the plaintiff, not having obtained any decree as to alimony, upon the granting of the divorce, could be entitled, under any circumstances, to alimony now; that is to say, we do not decide whether the court is authorized to make an entire new decree as to alimony, or only to change a decree as to alimony when such has been made at the time of the decree for divorce.

For the error as to temporary alimony, the judgment of the District Court is

Reversed.