PATTON v. LOUGHRIDGE.

1. **Res Adjudicata:** FRAUD: DIVORCE. A claim of the husband for property of which he has been defrauded by the wife will be presumed to have been adjudicated in an action by the wife for divorce, in which a decree allowing alimony was granted, and he cannot afterward maintain an action on the claim against a party by whose alleged instrumentality the fraud was effected.

*Appeal from Mahaska Circuit Court.*

THURSDAY, OCTOBER 10.

THE plaintiff avers in his petition that he was the owner of

a certain judgment rendered in favor of his wife, Josephine Patton; that under the advice and influence of the defendant his wife sold the judgment and took the proceeds. The plaintiff claims the right to recover of the defendant the amount of the judgment thus sold by his wife. Other facts are stated in the opinion. There was a trial by jury, and verdict for the plaintiff. Defendant appeals.

*W. S. Kenworthy, Lafferty & Johnson* and *Williams & McMillan*, for appellant.

No appearance for appellee.

ADAMS, J.—The defendant claims that the verdict is contrary to the evidence, and we have to say that we think that the position is well taken. The undisputed evidence shows that after the sale of the judgment by the plaintiff's wife she brought an action against him for divorce, and obtained a decree of divorce and for two hundred dollars alimony. In that action the defendant filed an answer, and set up by way of counter-claim the sale and appropriation of the judgment now in question. It is insisted by this defendant that the claim now made against him was adjudicated in that action. It appears, however, that the counter-claim, so called, was dismissed, and that the defendant (plaintiff in this action) introduced no evidence in regard to the subject-matter of it. He denies, therefore, that there has been any adjudication.

*1. RES ADJUDICATA: fraud: divorce.*

But, in our opinion, it is immaterial whether the claim in question was distinctly passed on or not. If this plaintiff had any such claim at the time the decree was rendered against him for alimony it should have been passed on. If a husband divides his estate with his wife, or is swindled out of a part of it by her, and she afterward brings an action against him for divorce and alimony, the fact that she had already acquired a part of his estate would be proper to be shown in defense to her claim for alimony, either to defeat or

reduce it. It would certainly not be proper to leave open a question, after a decree for alimony, as to how much of the husband's estate the wife had previously had and appropriated. Now, whatever necessarily inheres in a defense to a claim must be presumed to be adjudicated when the claim is adjudicated. Such being our view we are constrained to hold that the defendant is not liable.

REVERSED.