A. WRIGHT, Appellant, v. GEORGE WADDELL, Appellee.

1. **Agistment**: LIEN: CONSTRUCTION OF STATUTE. The owner of a farm is not entitled to a lien, under section 1, of chapter 25 of Acts of the Twenty-fifth General Assembly, upon the stock of a farm hand kept on said farm during his term of service for said owner, and pastured on the latter's land, and fed with his grain, but which is otherwise cared for by such employee.

2. **Practice in Supreme Court**: QUESTIONS CONSIDERED ON APPEAL. Where the allegations of an amendment to a petition are treated as denied on the trial in the district court without the filing of any pleading by the defendant, the plaintiff can not claim upon appeal that the facts alleged must be regarded as admitted.

3. **Attachment**: MALICE: EXEMPLARY DAMAGES. Evidence in an action aided by attachment that the plaintiff knew that some of the grounds alleged for the issuance of the writ were false, and that he had no reason to believe that any of them were true, is sufficient to support a verdict for exemplary damages.

*Appeal from Wright District Court.*—HON. S. M. WEAVER, Judge.

SATURDAY, OCTOBER 14, 1893.

ACTION aided by attachment to recover an amount alleged to be due the plaintiff for pasturage, grain, and feed for horses and cattle owned by the defendant. The defendant denied the indebtedness alleged and pleaded counterclaims. There was a trial by jury, and a verdict and a judgment for the defendant. The plaintiff appeals.—*Affirmed.*

*J. C. Moats* and *Nagle & Birdsall*, for appellant.

*McGrath & Bryan*, for appellee.

ROBINSON, C. J.—The plaintiff claims that in the years 1890 and 1891 he received from the defendant, to pasture, feed, and keep for hire, one mare and her colt and two cows; that he pastured, kept, and fed them until about the thirteenth day of September, 1891; that the reasonable value of the pasturage, keeping, and feeding was the sum of one hundred and twenty-eight dollars. In his original petition he asked for the issuance of a writ of attachment against the property of the defendant, and as ground therefor stated that the defendant had absconded so that ordinary process could not be served upon him, that he was a nonresident of this state, and that he was about to convert his personal property, or a part thereof, into money, for the purpose of placing it beyond the reach of his creditors. He also stated that his claim was for keeping, feeding, and pasturing stock, and as a lien therefor he asked an attachment. He filed in the office of the clerk an attachment bond, which was approved. A writ was issued, which was levied upon the property, on account of which the plaintiff seeks to recover. The defendant denies the allegations of the petition, and avers, by way of counterclaim, that the plaintiff is indebted to him for the use of the mare, the cows, a mower, and a wagon, for corn, and two hogs sold, in the sum of one hundred and forty-six dollars. The defendant asks judgment for that amount, and for the sum of one thousand dollars on account of the wrongful and malicious suing out of the writ of attachment. In an amendment to his petition, made after the answer was filed, the plaintiff alleged that when the action was commenced he was, and is now, entitled to a lien on the stock for his charges; that the stock has been, and is, in his possession; that his attorney, in preparing the petition, used a printed form, and by oversight and mistake omitted to erase therefrom the parts alleging

general grounds for an attachment, and by mistake they were permitted to remain in the petition, and he amended it by striking therefrom the parts so left therein by mistake. It does not appear that any answer to the amendment was filed. The jury found that the attachment was issued maliciously, and returned a verdict in favor of the defendant for two hundred and twenty-five dollars. Judgment for that amount and costs was rendered in his favor.

I. During the time in controversy the plaintiff owned a farm upon which he resided, although he was engaged personally in conducting business in a town in the vicinity. In September, 1890, the defendant commenced working for him on the farm for the term of one year at an agreed sum of money per month and house rent. The defendant moved upon the farm during the latter part of September, and kept thereon, during part of his term of service, the stock described and some hogs, all of which remained in his possession, and were fed and cared for by him. Some of it was kept in the pasture of the plaintiff a portion of the time, and was fed in part with grain and hay which belonged to him, and was kept in his yards and stables. This action was commenced on the last day of the defendant's term of service, and the stock on account of which the plaintiff seeks to recover was taken, and has since been held, under the writ of attachment. The court charged the jury as follows:

1. AGISTMENT: lien: construction of statute.

"*Fifth*. As to the counterclaim based upon the attachment, you are instructed that under the undisputed facts in the case the issuance of the writ of attachment was wrongful, and that plaintiff had no lien upon the defendant's stock. If, then, you find from the evidence that in suing out said attachment the plaintiff acted maliciously, defendant will be entitled to recover such damages, if any, as he has suffered by reason of such wrongful act."

Whether the pleadings and evidence warranted the giving of this paragraph of the charge, so far as it related to the general grounds for an attachment, is a question not discussed by counsel, and for that reason will not be determined. The appellant contends that the paragraph is erroneous for the reason that he had a lien for pasturing, feeding and keeping the stock which he was entitled to enforce by the attachment under the provisions of chapter 25 of the Acts of the Eighteenth General Assembly. Section 1 of that act provides "that keepers of livery and feed stables, herders and feeders, and keepers of stock for hire, shall have a lien on all stock and property coming into their hands as such, for their proper charges and for the expenses of keeping when the same have been received from the owner, or from any person." We are of the opinion that the section quoted does not apply to cases of this kind. The plaintiff did not belong to any of the classes of persons enumerated. It is said that he was a herder and feeder and keeper of stock for hire, within the meaning of the statute. But that was not enacted for the benefit of persons who furnish pasturage and feed without having possession and control of the stock pastured and fed. The lien is given to the persons specified upon "stock and property coming into their hands" by virtue of their business, and is dependent upon the right of possession, and, when that exists, it is lost by a voluntary surrender of it, unless for a temporary purpose. *Shellhammer v. Jones*, 87 Iowa, 520; *Bray v. Wise*, 82 Iowa, 582; 1 Jones on Liens, sections 698, 699. There was no conflict in the evidence in regard to the care and custody of the stock, and we, therefore, conclude that, so far as criticised by the appellant, the paragraph of the charge in question was correct.

II. It is said that by failing to answer the petition as amended, the defendant admitted that its averments

**2. PRACTICE in supreme court: questions considered on appeal.**

were true. The amendment set out somewhat more at length than did the original petition the grounds of recovery upon which the plaintiff relies, and in addition alleged that the general grounds for attachment were set out in that petition by mistake, and withdrew them. The allegations of the original petition were denied by the answer, and the record shows that the case was tried on the theory that those in the petition as amended were also denied. The failure to deny them formally can not be urged for the first time in this court. *Burnett v. Lougridge,* 87 Iowa, 324.

III. It is said there was no evidence that the writ of attachment was issued maliciously, and that the court erred in instructing the jury that, if it was issued and levied maliciously, the defendant might be allowed exemplary damages. We think, however, that there was evidence from which the jury may well have found that the attachment was maliciously issued. It clearly appears that the plaintiff knew that some of the grounds alleged for obtaining it were false, and it does not appear that he had reason to believe that any of them made under the general statute were true. *Hurlbut, Hess & Co. v. Hardenbrook,* 85 Iowa, 606.

**3. ATTACHMENT: malice: exemplary damages.**

IV. It is urged, finally, that the amount of defendant's recovery is excessive. There was some conflict in the evidence in regard to what the plaintiff had furnished for the defendant, and its value, and in regard to what the defendant had furnished the plaintiff, and its value, but the jury were authorized to find for the defendant, on account of his claims, other than that of the wrongful and malicious suing out of the writ, in a considerable amount. The evidence also shows that the defendant sustained actual damage to a considerable amount from the serving of the writ in the loss of the use of his property. Therefore it can not be said that there was

no foundation upon which to rest an allowance for exemplary damages, and we can not say that the amount allowed is excessive.

We discover no reason for disturbing the judgment of the district court. It is, therefore, AFFIRMED.