OLIVETTE E. CARR, Appellee, v. C. W. CARR, Appellant, et al.

**TRUSTS:** Enforcement—Right of Donor to Enforce—Equity. The
1   donor of a trust has such interest therein as entitles him to maintain a suit in equity to compel the carrying out of the terms thereof.

**INJUNCTION:** Temporary Injunction—Grounds for Continuing—
2   Probable Injury. The right to have a temporary injunction continued until a hearing can be had on the merits of the petition depends upon whether petitioner has a probable right to the relief sought and will suffer probable injury to such right if the writ be dissolved.

**DIVORCE:** Alimony—Modification of Decree—Fraud or Mistake.
3   Alimony is allowed in lieu of dower and prior duty of support, and a review of the decree awarding or refusing same can be had only for such fraud or mistake as would authorize the setting aside or modification of any other decree.

**DIVORCE:** Alimony—Agreements—Decree Settles All Property
4   Rights. Stipulations and agreements between the parties to a divorce suit will, where proper and just, be carried out in the decree awarding alimony; and ordinarily, a decree of divorce settles all property rights and interests of the parties in each other's property.

1206          . Carr v. Carr.          [185 Iowa

**DIVORCE:** Alimony—Modification of Decree — Grounds — Extravagant and Improvident Habits of Life. Where a husband seeks to modify a divorce decree based upon a property settlement, and does not allege that he was induced to enter into the stipulation for the property settlement by mistake or inadvertence, nor that the decree did not express the real intentions of the parties at the time it was filed, he being under no further duty of supporting the wife, he cannot, on the ground that she has extravagant and improvident habits, enjoin a trustee of the property from conveying to her the said property, to which she has become entitled under the terms of the agreement.

**PLEADING:** Issues, Proof, and Variance—Sufficiency of Allegations —Injunction against Trustee. While one may, under a prayer for general relief, have any relief in equity to which the allegations of his petition entitle him, the Supreme Court will not reverse an order dissolving a temporary writ restraining a trustee from delivery of property to one entitled thereto under stipulation, simply because the allegations of a cross-petition praying for the modification of a decree in a divorce case respecting alimony happen to contain the necessary averments for the appointment of a guardian, where the same was neither suggested nor asked therein, and the specific relief asked is inconsistent with the application for the appointment of a guardian.

*Appeal from Crawford District Court.*—M. E. Hutchison, Judge.

April 15, 1919.

Suit in equity for the modification of a decree. The facts are fully stated in the opinion. There was a decree in favor of plaintiff, and defendant cross-petitioner appeals.—*Affirmed.*

*Salinger & Welch* and *F. H. Cooney,* for appellant.

*Sims & Kuehnle* and *L. W. Powers,* for appellees.

Stevens, J.—I. On the 29th day of January, 1913, a decree was entered in the district court of Crawford County, divorcing plaintiff and cross-petitioner, and awarding the former alimony in accordance with a stipulation and agree-

ment of the parties. The stipulation and decree required
defendant to convey the S½ of the SW¼ of Section 21 and
the NW¼ of Section 28, Township 83, Range 40, consisting
of 240 acres, to a trustee, to be held, controlled, and man-
aged by him for the use and benefit of plaintiff, for a period
of five years, with authority to sell the same at not less than
$100 per acre. The decree further required defendant to
convey to plaintiff the homestead in Denison, Iowa, valued
at $3,500, also to pay certain indebtedness owed by her, and
to execute and deliver to her a note for $500 and pay the
costs of the divorce proceedings, including a specified
amount for attorney fees. As affording a better understand-
ing of the provisions of the decree material to this contro-
versy, we quote the following paragraphs thereof:

"It is further adjudged and decreed that the defendant
make and deliver to J. P. Conner, as trustee for the plaintiff,
a deed conveying the 240 acres of land above described, said
deed to be made at once, and to be a general warranty deed;
and an abstract of title is to be furnished, showing clear and
unincumbered title in the defendant, the same to be fur-
nished forthwith.

"It is further decreed that said land is to be conveyed
to the said J. P. Conner, as trustee, for the use and benefit
of the plaintiff, and he is to hold the same in his name as
trustee for a period of five years. The income from the land
during the full five years after March 1, 1913, is to be paid
over to the plaintiff for her own exclusive use.   *   *   *

"It is further decreed that, after the expiration of five
years after the date of the decree of divorce to be rendered
herein, the said trustee, upon demand, shall convey the
above-described real estate to the plaintiff, conveying all the
title and interest held by such trustee.

"It is further ordered and decreed that if, before the
expiration of the five-year limit, an opportunity shall arise
for selling the property to advantage, and at not less than

$100 per acre, that the same may be sold, and the proceeds held by the trustee for the benefit of the plaintiff, the same to be invested in mortgages secured by real estate."

All of the provisions of the decree required to be performed by him were carried out by the defendant and cross-petitioner herein.

On January 20, 1918, defendant filed a cross-petition in the divorce suit, alleging that the purpose of the trusteeship created by the stipulation of the parties and the original decree of the court was to restrict the expenditures of plaintiff to the income arising from the 240 acres of land, and to protect her against her own extravagance, or the designs of persons who might desire to take advantage of her inexperience in business affairs; that she has since sold the residence in Denison, and received about $6,000 in rentals from the farm, and $4,000 from the trustee for the 40-acre tract conveyed by her to him; that plaintiff has dissipated all of the money thus received, in useless and extravagant expenditures. The cross-petition prays that plaintiff's deed conveying the 40-acre tract to the trustee be canceled and set aside, and that the trustee be required to account for the rents derived from said land and all funds coming into his hands by virtue of the trust; that the divorce decree be modified so as to provide that plaintiff have only a life tenancy in the 240-acre tract; and that the title thereto be vested in her heirs at law, with a provision in the decree that the court retain jurisdiction to make future orders, if necessary, for the proper support and maintenance of plaintiff; and that the trustee be restrained, until the further order of the court, from conveying the land to plaintiff, or otherwise alienating or incumbering the same, until the final disposition of the cause on the merits.

A temporary writ was ordered, and issued as prayed, restraining the trustee from conveying or incumbering the property. On February 4th, counsel for plaintiff filed a mo-

tion to strike the cross-petition and to dissolve the injunction, upon the grounds that the court was without jurisdiction to entertain and hear the cross-petition; that cross-petitioner had no such interest in the subject-matter of the suit as entitled him to maintain the same; that the original decree is final and conclusive; that there is no allegation of any change in the circumstances or conditions of the parties to the decree requiring a modification thereof; that the petition therefor was filed too late; and that the facts stated in the cross-petition show affirmatively that cross-petitioner is not entitled to any relief whatever. The court held that cross-petitioner could maintain a suit to compel the carrying out of the terms of the decree, but sustained plaintiff's motion to dissolve the temporary injunction, upon the ground that cross-petitioner's relation to plaintiff's property was not different from that of a stranger, and that he did not have a right to a modification of the decree. It is from this order that cross-petitioner appeals.

Appellant bases his right to a modification of the decree upon the grounds: (a) That he is the donor thereof, and entitled to have the trust carried out in accordance with its terms and the real purpose for which it was created; and (b) that, if the averments of the petition do not entitle him to the specific relief prayed, they do state good grounds for the appointment of a guardian of the property of plaintiff, and that, in either event, the temporary writ should not have been dissolved.

It is not denied by counsel for appellee that the donor of a trust has such interest therein as to entitle him to maintain a suit in equity to compel the carrying out of the terms thereof. But the effect of the temporary writ was to restrain the trustee from carrying out the terms of the trust, according to the stipulation of the parties and the specific terms of the original decree, and not to prevent a violation thereof.

1. TRUSTS: enforcement: right of donor to enforce: equity.

It is alleged in the petition that, unless restrained from doing so, the trustee will, upon demand of plaintiff, which she is about to make, convey the remaining 200 acres of the tract to her, and thereby defeat the purpose of this suit. What appellant seeks is to preserve the status by injunction until a hearing can be had upon the merits of his petition, in order that the decree, as modified, if a modification shall finally be awarded, may be effectually carried out; so that the question whether the temporary injunction should have been continued until a trial could be had upon the merits depends for its answer upon whether cross-petitioner has a probable right to the relief sought, and will suffer probable injury to such right if the writ be dissolved. *Wehrman v. Moore*, 177 Iowa 542.

2. INJUNCTION: temporary injunction: grounds for continuing: probable injury.

The order complained of was entered more than five years after the date of the original decree, and long after the legal duty of appellant to contribute to the support or maintenance of plaintiff had terminated. All of his interest in the property passed by the deed to the trustee, for the use and benefit of plaintiff, and the decree quiets title in her against him. Section 4091 of the Code provides that the district court may modify a decree for one or more of the following reasons:

"1. For mistake, neglect or omission of the clerk, or irregularity in obtaining the same;

"2. For fraud practiced in obtaining the same;

"3. For erroneous proceedings against a minor or person of unsound mind, when such errors or condition of mind do not appear in the record;

"4. For the death of one of the parties before the rendition of the judgment or making of the order, if no substitute has been made of the proper representative before the rendition of the judgment or order;

"5. For unavoidable casualty or misfortune preventing the party from prosecuting or defending;

"6. For error in the judgment or order shown by a minor within twelve months after arriving at majority."

Appellant's prayer for relief is manifestly not based upon any of the grounds above stated, but upon the claim that plaintiff is inexperienced in business, improvident, and likely to dissipate and squander the property, if she obtains control thereof; and that appellant, as donor of the trust, is entitled to have the property preserved and applied to the use for which the trust was, in fact, created,—that is, to provide proper support and maintenance for plaintiff.

3. DIVORCE: alimony: modification of decree: fraud or mistake.

Alimony is allowed in lieu of dower and the prior duty of support, and a review of the decree awarding or refusing same can be had only for such fraud or mistake as would authorize the setting aside or modification of any other decree. *Spain v. Spain,* 177 Iowa 249; *Roberts v. Playle,* 150 Iowa 279; *Blythe v. Blythe,* 25 Iowa 266. It is true that stipulations and agreements between parties to a divorce suit for the settlement of property rights will, if proper and just, be carried out by a decree awarding alimony. Ordinarily, a decree of divorce settles all the property rights and interests of the parties in the property of each other. *Patton v. Loughridge,* 49 Iowa 218; *Baird v. Connell,* 121 Iowa 278.

4. DIVORCE: alimony: agreements: decree settles all property rights.

It should be observed that appellant does not allege, in his cross-petition, that he was induced to enter into the stipulation for the property settlement by mistake or inadvertence, nor that the decree fails in terms to express the real intention of the parties at the time same was filed. It may be that plaintiff has not profited as she should by her business experience, and that she retains her alleged extravagant and improvident

5. DIVORCE: alimony: modification of decree: grounds: extravagant and improvident habits of wife.

habits; but no liability or duty is imposed upon cross-petitioner for her support or otherwise on account thereof. Five years having elapsed since the date of the original decree, plaintiff is entitled, by the plain terms thereof, to demand and receive a conveyance from the trustee of the land in question, and to use and manage the same as she sees fit.

II. We come now to consider the contention of counsel that the petition states grounds for the appointment of a guardian, and that the temporary writ should not have been dissolved, for this reason. The cross-petition does not, however, in terms ask for the appointment of a guardian, and manifestly was not filed for the purpose of obtaining the appointment thereof. Proceedings under Section 3220 of the Code for the appointment of a guardian are tried as ordinary actions, and, upon presentation of a duly verified petition therefor, the judge is authorized to appoint a temporary guardian to take charge of the property of the defendant, pending final hearing on the petition, which would probably accomplish the purpose of a temporary writ, in a case of this character.

6. PLEADING: issues, proof, and variance: sufficiency of allegations: injunction against trustee.

It is urged, however, in this connection that, if the petition was docketed on the wrong side, plaintiff's remedy is by motion to transfer; but the petition neither suggests nor asks the appointment of a guardian, and the filing of such a motion would be quite unlikely. If cross-petitioner desires the appointment of a guardian to take charge of plaintiff's property, he should proceed in the regular way for that purpose. Of course, plaintiff may, under the prayer for general equitable relief, have any relief in equity to which the allegations of his petition entitle him; but the court will not reverse an order dissolving a temporary writ, simply because the allegations of a cross-petition praying the modification of a decree in a divorce case respecting alimony happen to contain the necessary averments for the appointment of a

guardian, when same is neither suggested nor asked therein. The specific relief prayed is inconsistent with an application for the appointment of a guardian, and, aside from the allegations of the cross-petition that plaintiff has dissipated the income from the land, and other sums coming into her possession since the decree was entered in the divorce case, and that she will speedily squander the land or the proceeds derived from the sale thereof if turned over to her, there is nothing therein to even suggest the matter of guardianship. The above allegations were deemed necessary to the specific relief prayed. After a careful examination of the record, we reach the conclusion that the temporary writ was properly dissolved, and the order and judgment of the court below are, therefore,—*Affirmed*.

LADD, C. J., EVANS and GAYNOR, JJ., concur.