CLARA McNARY, Appellee, v. GEORGE McNARY, Appellant.

OCTOBER 23, 1928.

*Charles Lockie* and *Griffin, Griffin, & Griffin,* for appellant.

*Naglestad, Pizey & Johnson,* for appellee.

WAGNER, J.—The parties to this action were divorced on December 1, 1924, the decree having been granted on the plaintiff's petition. The defendant defaulted in said action. The plaintiff is 43 years of age, and the defendant 27 years her senior. They were married about 27 years before the date of the divorce. There were ten children, the fruit of said marriage. The decree awarded the plaintiff the care, custody, and control of the five minor children, and as permanent alimony, all of the household furniture and fixtures, and certain other personal property, and 35 acres of real estate, which was acquired by the joint efforts of the parties to this litigation. The decree provides:

"That the plaintiff, Clara McNary, is the absolute and unqualified owner in fee simple of the above described property, and her title to said property is hereby established, and defendant, George McNary, is hereby forever barred and estopped from having or claiming any right, title, or interest therein; that the title to the said personal and real property be and the same is hereby given to and vested in the plaintiff, Clara McNary."

On January 16, 1926, the defendant filed his petition, in which he avers, in substance, that he employed an attorney to represent him in the divorce proceeding, but that, for some reason which he does not fully understand, a decree of divorce was rendered by default; and that, since said decree, he has become so feeble that he is unable to make a sufficient livelihood for himself, or to prepare for the future years when he will be unable to earn anything; and that such change of circumstances renders it proper and necessary that the court modify the decree, and award part of the property to him.

The plaintiff filed no answer to defendant's petition for modification, but appeared thereto, and trial was had to the court, resulting in a dismissal of defendant's petition for modification; and from this action by the trial court, the defendant has appealed.

The appellant contends that, since the appellee filed no

pleading denying the averments of his petition for modification, he was, by reason of said fact, entitled to the relief as prayed for in his petition. It is apparent that this proposition was not presented to the trial court. The plaintiff appeared, and trial was had. The allegations of appellant's petition were treated as denied, and trial had upon that theory, without objection by him; and under such circumstances, the proposition now urged by the appellant cannot be made for the first time on appeal. See *Wright v. Waddell*, 89 Iowa 350; *Burnett v. Loughridge*, 87 Iowa 324; *Hervey v. Savery*, 48 Iowa 313; *Warren v. Chandler*, 98 Iowa 237.

Moreover, even had the appellee made default, it was incumbent upon the appellant to establish, by proof, that, by reason of changed circumstances or conditions since the time of the rendition of the decree, the enforcement of its provisions would result in positive wrong or injustice.

The appellant argues that a fraud was perpetrated upon the appellant, through the failure of an attorney claimed to have been employed by him to appear and defend in the suit for divorce. The record fails to reveal that he had an attorney for that purpose. The court asked the appellant, at the time of the trial of the instant case, as to whether or not he paid his attorney anything to appear for him in the divorce action, and he answered: "They put me in jail, and I told Mr. Robbins [an attorney], if he would get me out of jail, I would give him $25;" and that he thinks he sent Robbins $26 or $27. The court then asked the appellant: "Did he [Robbins] tell you that he must have a fee before he would do anything in the divorce case?" And the appellant answered, "Yes, sir." It is thus apparent that Robbins was paid only for his services in getting the appellant out of jail.

Appellant's petition is not for a new trial, under the provisions of Chapter 552 of the Code of 1924, but is concededly based upon the latter portion of Section 10481 of the Code, which section reads as follows:

"When a divorce is decreed, the court may make such order in relation to the children, property, parties, and the mainte-

nance of the parties as shall be right. *Subsequent changes may be made by it in these respects when circumstances render them expedient.''* (The italics are ours.)

The appellant in his argument makes the following concession:

''There was, of course no remedy for the appellant until some change in the circumstances of the parties, or one of them, had become so apparent and material as to warrant the court in making some modification of the decree.''

It is manifest that the appellee, in obtaining the decree of divorce, perpetrated no fraud upon the appellant. He was served with an original notice of the suit, and failed to appear, through no fault of the plaintiff's. Since no fraud is shown by the record, and in view of appellant's concession in argument, as aforesaid, his claim of fraud needs no further consideration.

The sole remaining question for determination is as to whether or not the defendant is entitled to any relief by reason of the provisions of the latter sentence of Section 10481 of the Code, hereinbefore quoted. It will be observed that, by the provisions of the decree of divorce, the 35 acres of real estate and certain personal property were decreed to be the property of the appellee, as permanent alimony, and the appellant was thereby barred and estopped from having or claiming any right, title, or interest therein. The statute which appellant seeks to invoke in his behalf reads:

''Subsequent changes may be made by it [the court] in these respects [in relation to the children, property, parties, and maintenance of the parties] when circumstances render them expedient.''

It has been held in some jurisdictions that statutes providing for a modification of the decree do not apply to a decree awarding an allowance for alimony allotting specific property in fee. 19 Corpus Juris 272. We are cited to no case, and we know of none, where we have held that a decree of divorce allotting specific property as alimony can be subsequently modified, as is asked by the appellant in this case, by taking a portion of

the specific property from the appellee and giving it to him. This question is not argued by the parties, and we find it unnecessary to make a pronouncement thereon.

The defendant in no event is entitled to relief without proof of change in conditions or circumstances which would warrant the court, in the exercise of equitable principles, to grant a change in the respect requested. The original decree is conclusive upon the parties as to the then circumstances, and the power to make changes in the decree is not a power to grant a new trial or retry the same case, but only to adapt the decree to the new or changed conditions and circumstances of the parties. *Slattery v. Slattery*, 139 Iowa 419; *Ferguson v. Ferguson*, 111 Iowa 158; *Crockett v. Crockett*, 132 Iowa 388; *Blythe v. Blythe*, 25 Iowa 266; *Scott v. Scott*, 174 Iowa 740. Many other of our cases could be cited upon the same proposition.

In going to the record, we ascertain that the occupation of the appellant is that of repairing sewing machines. The 35 acres in question lie in a sort of L shape, away from the main road; it is rough and hilly, not all tillable, and not very valuable. The highest offer that has been received for it is $40 an acre. There is situated thereon a one-room house, with a shed attached. The house is in very bad condition, and uninhabitable during the winter months. The appellee has moved from the 35 acres, because, as testified to by one of the older boys: "We moved because there were no buildings, and we had no money to build any buildings." The 35 acres rent for $100 a year. Two of the boys, who are of age, are contributing to the support of their mother and the younger children, ranging from 8 to 14 years of age, who, by the decree, are in the mother's custody. The appellee testified that her health is not good. The appellant testified that he is in poor health, but one of the boys testified that his father's health seems to be fair. The appellee and one of the boys testified that, upon the appellant's visits, he boasted that he did not need to worry for money; that he has plenty. The appellee's condition since the rendition of the decree of divorce has in no way changed for the better; she still has herself and minor children to support, which she is doing from the income from the 35 acres, and by reason of assistance from the older children. There is no change in the condition of the appellant, as gleaned from the record, except his age. The

fact that the parties would grow older must necessarily have been taken into consideration by the court at the time of the rendition of the decree which is now sought to be modified.

Without further discussion, we hold that the appellant has failed to establish any material change since the time of the rendition of the decree, as to the conditions and circumstances surrounding the parties, which would warrant modification as to the alimony and property rights provided for in the decree of divorce.

The action of the trial court in dismissing appellant's petition for modification is hereby affirmed.—*Affirmed.*

EVANS, FAVILLE, ALBERT, MORLING, and KINDIG, JJ., concur.

STEVENS, C. J., takes no part.