LETTIE S. FITCH, Appellee, v. FRED W. FITCH, Appellant.

No. 45360.

NOVEMBER 12, 1940.

Stipp, Perry, Bannister & Starzinger, for appellee.

Arnold F. Schaetzle, for appellant.

HAMILTON, J.—In this case, the legal question is squarely raised as to the power and jurisdiction of the court, under sec-

tion 10481 of the Iowa Code of 1939, to modify a divorce decree in relation to property where alimony is allowed in a lump sum as permanent alimony or where there is a division of property as permanent alimony.

In the instant case, the parties had had marital difficulties extending back over a period of years. In 1922, the wife filed her petition for separate maintenance against the defendant-husband and that action was later dismissed after the parties had orally agreed upon a settlement, which settlement was incorporated in a certain trust agreement whereby, under an irrevocable trust, certain premises were transferred to a trustee to hold title, collect rents, and, after deduction of expenses, the wife was to be paid $600 a month during her life. Two years later, a divorce suit was started by the wife. During the pendency of this suit, the parties entered into an oral agreement for alimony and child support whereby the defendant was to transfer to plaintiff certain shares of stock and, in addition thereto, pay plaintiff a lump sum in cash, a portion of which was by way of permanent alimony and a portion by way of attorney fees and expenses, and the trust, above referred to, was also to be included. The court entered its decree granting plaintiff a divorce, ratifying and confirming the agreement made by the parties in the following language:

"It Is, Therefore, Ordered, Adjudged and Decreed, that the plaintiff, Lettie S. Fitch, be, and she is hereby, divorced from the defendant, Fred W. Fitch, absolutely; and that she be and is hereby, restored to all the rights, privileges and immunities of a single and unmarried woman; that she be, and is given the permanent care and custody of her minor son, Lucius W. Fitch; that the trust agreement which is referred to in the defendant's answer as having been entered into between these parties on or about the 23rd day of April, 1923, the same being recorded in Book 870 on Page 502 of the records of the Recorder of Deeds of Polk County, Iowa, be, and the same is hereby ratified and confirmed by the court; and that the property and alimony settlement made by the parties be, and it is hereby confirmed by the court."

The support of the minor child is not involved in this litigation, he having long since attained his majority.

On May 7, 1940, the defendant, Fred W. Fitch, filed his petition in which all these matters are set up and in which he alleged that, since the decree was entered, the defendant's property and assets have greatly diminished and that his property, assets and income have since become impressed with a far greater burden than originally existed in that the United States commissioner of internal revenue has determined that income of the aforesaid trust, payable to the plaintiff pursuant to the terms thereof, is constructively the income of the defendant in that said income is discharging the defendant's continuing obligation to support the plaintiff and that, therefore, he is subject to the federal income tax thereon; that, in view of such changed circumstances, he asks that the decree be modified so as to effect a more equitable distribution and reallocation of the income of the parties and the property which was subject to the divorce decree and, in making such modification, credit should be allowed the defendant for the amount of income tax which he has heretofore paid and may be required to pay by reason of the inclusion as taxable income to him of the trust income being paid to the plaintiff; and he further asks that the decree of divorce should further be modified by an order nunc pro tunc so as to establish and determine the status of the defendant from the date of the entry of the decree either as a debtor under a continuing obligation to support the plaintiff after divorce or as a stranger to her with no further duty or obligation to support after the divorce.

To this petition, a motion to dismiss was filed by Lettie S. Fitch on the following grounds:

(1) Defendant's petition shows on its face that the decree of divorce entered herein was a final adjudication of all marital and property rights between these parties. The court retained no jurisdiction in the decree either for the purpose of reallocating the income of the trust referred to or to redistribute any of the property involved in the settlement which was approved by the court and hence it is without power to entertain the petition of defendant; and

(2) The decree of divorce herein terminated all marital

obligations of these parties and hence a nunc pro tunc order as prayed for in defendant's petition is unwarranted and unnecessary.

The trial court, in sustaining this motion, found that on the 17th day of December, 1925, the plaintiff was granted an absolute divorce from the defendant; that the decree of divorce approved a property settlement made by the parties out of court and confirmed and ratified said trust agreement; that the decree of divorce was a final adjudication of all marital and property rights between the parties and that, thereafter, no obligation rested upon either of the parties to make contributions to the support or income of the other; that the court retained no jurisdiction either under the decree or under the law of this state to in any manner modify, amend or change the decree of divorce entered or to reallocate the income of the trust referred to in the decree or to in any manner redistribute the property which was the subject of the settlement made out of court and approved by the court in its decree; and that a nunc pro tunc order could serve no purpose since the status of the defendant, under the decree of divorce, was established by the law of this state, and, therefore, he had no further continuing obligation to support the plaintiff.

We are of the opinion that this question has been considered, by the bench and bar of this state, fairly well settled. However, in a recent case handed down by the United States Supreme Court, Helvering v. Fitch, 309 U. S. 149, 155, 60 S. Ct. 427, 430, 84 L. Ed. 399, 402, Justice Douglas, after reviewing our decisions, makes this statement:

"On this state of the Iowa authorities we can only speculate as to the power of the Iowa court to modify alimony awarded in a lump sum or a property settlement ratified by a divorce decree."

The doubt seems to have been engendered because of what we might call a negative application of section 10481, 1939 Code of Iowa, in three or four cases, the one particularly noticed in the high court's decision being McNary v. McNary, 206 Iowa 942, 221 N. W. 580. As we read our decisions, we can find little room for doubt as to the attitude we have heretofore taken in

reference to this question. In the case of Carr v. Carr, 185 Iowa 1205, 1211, 171 N. W. 785, 787, opinion by Justice Stevens, we said:

"Alimony is allowed in lieu of dower and the prior duty of support, and a review of the decree awarding or refusing same can be had only for such fraud or mistake as would authorize the setting aside or modification of any other decree. Spain v. Spain, 177 Iowa 249; Roberts v. Playle, 150 Iowa 279; Blythe v. Blythe, 25 Iowa 266. It is true that stipulations and agreements between parties to a divorce suit for the settlement of property rights will, if proper and just, be carried out by a decree awarding alimony. Ordinarily, a decree of divorce settles all the property rights and interests of the parties in the property of each other. Patton v. Loughridge, 49 Iowa 218; Baird v. Connell, 121 Iowa 278."

Again, in the case of Barish v. Barish, 190 Iowa 493, 503, 180 N. W. 724, 729, in a specially concurring opinion by Justice Salinger, he reviews the authorities and concludes that:

"Adjustments in the nature of division or allotment, or in the nature of money equivalent for division or allotment or partition, ordered when decree of divorce is entered, are not 'orders in relation to the maintenance of the parties;' and authority to make changes in orders relating to maintenance is not authority to change an allotment, a partition, a sequestration, or a money allowance made in the stead of these. An order that payments shall be made to maintain the former wife is a draft upon the resources of the former husband, whereby, despite the divorce, there is to be continued such duty to support the wife from day to day as existed while the marriage subsisted. It is an income granted. The lump allowance is a sequestration, which is to be capital from which the divorced wife is to make income which, in whole or in part, is to be a substitute for what the former husband was bound to furnish, prior to the divorce.

"On reason, an order for maintenance and an allowance of permanent alimony should not be treated alike as to permanency. The decree of divorce places the parties as if they had never been married. It terminates both privilege and duty, and the

woman has no more claim upon the former husband than upon any other member of the community. *. * * It is declared by Smith v. Smith, 45 Ala. 264, that an award of permanent alimony is a provision then and there finally made, to meet the changed status; is a final provision made while the bonds still subsist, furnishing capital wherewith the former wife may commence life anew, after her expulsion from the household of her husband and the withdrawal of his liability for her maintenance and support; * * * Unlike a provision for periodical payments, ordered made to furnish the former wife support, the court, in making the commutation, takes into consideration what changes in health, earning capacity, or property the future may bring. * * * But where a gross sum is received for or in lieu of alimony, it must be held to be in full discharge and satisfaction for all claim for future support of the. wife."

In the case of Kraft v. Kraft, 193 Iowa 602, 607, 187 N. W. 449, 451, in considering the nature of such a decree, we said:

"The effect of the decree was, we think, so far as defendant is concerned, to award her a lump sum out of her husband's estate. We held, in Spain v. Spain, 177 Iowa 249, that the court has no inherent power to modify a decree of divorce as regards alimony—no power to so modify, except for such fraud or mistake as would justify a modification or change of any judgment; and that a decree of divorce silent as to any alimony cannot thereafter be so modified as to provide for alimony, even though there is a showing of change in financial condition. In the course of the opinion in the Spain case, the court said that, at common law, and under ecclesiastical procedure, courts entertained such an action because there was no such thing as an absolute divorce; that the divorce was from bed and board, and little more than a legalized separation, with the duty of the divorced husband to support his wife after the divorce; and further, that, in this country, and especially in this state, a divorce absolutely dissolves the marriage status, and the duty to support no longer exists. Alimony is allowed in such cases in lieu of dower and prior duty to support, and there can be no review of the decree awarding it, or refusing, denying, or failing to award it, save for such fraud or mistake as would authorize the setting aside or

modification of any decree. The matter was again discussed in Barish v. Barish, 190 Iowa 493. In Carr v. Carr, 185 Iowa 1205, 1211, we said that ordinarily a decree of divorce settles all the property rights and interests of the parties in the property of each other. See, also, McCoy v. McCoy, 191 Iowa 973.

"We are inclined to the view that, where alimony is allowed in a lump sum, as permanent alimony, or where there is a division of the real property of the parties, as permanent alimony, the statute does not authorize a change therein, except for such reasons which would justify the setting aside or changing of a decree in any other case; that the party awarded permanent alimony is not entitled to permanent alimony and support both * * *."

In McNary v. McNary, 206 Iowa 942, 945, 221 N. W. 580, 581, supra, where the question was squarely before the court, the court declined to pass upon the question saying:

"We are cited to no case, and we know of none, where we have held that a decree of divorce allotting specific property as alimony can be subsequently modified, as is asked by the appellant in this case, by taking a portion of the specific property from the appellee and giving it to him. This question is not argued by the parties, and we find it unnecessary to make a pronouncement thereon."

In the case of Delbridge v. Sears, 179 Iowa 526, 160 N. W. 218, we held that no authority exists for divesting the parties of rights accrued under the original decree; that the court had no authority to go back and determine that the allowance in the original decree was unjust and inequitable in view of the then circumstances of the parties.

So, in the instant case, the decree of divorce fixed and determined the property rights as between these parties by a lump sum allowance. The title to the property allotted to the wife vested in her, and the income fixed by the trust agreement, which was payable to her, is contained in an irrevocable trust and the decree of divorce confirming the settlement made between the parties as to the property rights amounts to a lump sum award or allocation of a definite, certain portion of the property of the husband to the wife, and, thereafter, no obligation rested upon

either of the parties to make contribution to the support or income of the other and the provisions contained in section 10481 of our Code confers no power or authority upon the court to modify or change said decree.

What we said in Kraft v. Kraft and Carr v. Carr, supra, to the effect that, where alimony is allowed in a lump sum as permanent alimony or where there is a division of the property as permanent alimony, the statute does not authorize a change therein except for such reasons as would justify the setting aside or changing of a decree in any other case is the settled law of this state.

There being no such grounds alleged or claimed in the instant case for changing or modifying the decree, the order of the trial court in dismissing the petition for modification should be and is, hereby, affirmed.—Affirmed.

RICHARDS, C. J., and SAGER, MILLER, HALE, MITCHELL, BLISS, STIGER, and OLIVER, JJ., concur.