F. W. FITCH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 93340, 98131. Promulgated February 28, 1941

*Arnold F. Schaetzle, Esq.*, for the petitioner.
*Gene W. Reardon, Esq.*, for the respondent.

774

TURNER: The respondent determined deficiencies in income tax for the years 1934 and 1935 in the respective amounts of $998.62 and $1,078.54. The question presented is whether or not the petitioner is taxable, under the rule laid down in *Douglas* v. *Willcuts*, 296 U. S. 1, on income distributed to his divorced wife from a trust created by them under an agreement which was subsequently confirmed as a property settlement in a divorce decree of an Iowa court. We must first determine, however, whether the decision of the Supreme Court of the United States relating to petitioner's income tax for 1933 makes the question here *res judicata* as to the income for subsequent years.

The case was submitted upon a written stipulation of facts and the facts as stipulated are adopted as our findings herein. Only those facts which are necessary for an understanding of the issue involved will be recited.

Petitioner, a resident of Des Moines, Iowa, is the divorced husband of Lettie S. Fitch, to whom he was married in 1892. They lived together as husband and wife until 1917, at which time they separated. In December 1922 Lettie S. Fitch filed a suit for separate maintenance against petitioner. The suit was dismissed in April 1923, after the parties had agreed on a settlement. In accordance with the settlement, petitioner leased certain premises owned by him to the F. W. Fitch Co. for 99 years, at an annual rental of $12,000, and on April 23, 1923, joined his wife and the Bankers Trust Co. as trustee, in the execution of a trust agreement, under which the trustee took title to the premises and an assignment of the lease to collect the rents and, after deduction of expenses, to pay to Lettie S. Fitch $600 a month during her life, and the balance of the annual income to the petitioner during his life. Provision was made for the duration of the trust during the lifetime of both petitioner and Lettie S. Fitch and in any case for at least 15 years, and for distribution of the income to the children of petitioner and his wife in case either should die prior to the termination of the minimum period. Petitioner irrevocably alienated the corpus, as well as any right to receive $600 per month provided for Lettie S. Fitch in favor of her and the children. Provision was made that upon the termination of the trust period, the corpus should be paid over to the children or their lineal descendants.

On April 14, 1925, Lettie S. Fitch filed a suit for divorce against petitioner in the District Court of Polk County, Iowa, alleging cruelty, desertion, and failure to provide for her and a minor child in a proper manner. In his answer petitioner alleged, among other things, that he had created the above described trust for her benefit

in settlement of the prior suit for maintenance and that "She is now and was receiving this $600.00 per month at the time she filed her petition herein, claiming that the defendant had failed to provide for her and for the minor child in a proper manner", and that "This constituted and now constitutes a full and complete settlement in excess of what she is in equity entitled to, and the plaintiff, at the time orally agreed with the defendant that the amount given her was sufficient for all time, and that plaintiff and defendant should go their respective ways without interference with each other." On December 17, 1925, the court entered a decree, granting the wife an absolute divorce and the custody of the minor son, and further adjudging, "That the trust agreement which is referred to in the defendant's answer * * * be, and the same is hereby ratified and confirmed by the court; and that the property and alimony settlement made by the parties be, and it is hereby confirmed by the court."

Pursuant to this decree, petitioner transferred to Lettie S. Fitch 600 common shares of the F. W. Fitch Co., which, on December 31, 1925, had a book value of $77,959.80, and paid to her attorney the amount of $23,500, of which she received $8,500, the balance representing counsel fees and expenses.

During the years 1933, 1934, and 1935 the trustee under the trust agreement above described distributed to Lettie S. Fitch, $7,128, $5,760, and $5,760, respectively. For the year 1933 the respondent determined that the income thus received by petitioner's divorced wife constituted taxable income to him. A petition was filed with this Board and in a memorandum findings of fact and opinion entered on January 12, 1938, we sustained the Commissioner's determination, citing *Douglas* v. *Willcuts, supra,* and several other cases.

A petition for review of the Board's decision was filed with the Circuit Court of Appeals for the Eighth Circuit and on April 25, 1939, the court entered its decision, 103 Fed. (2d) 702, reversing the Board and holding that the doctrine of *Douglas* v. *Willcuts, supra,* did not apply. In its opinion the court quoted sections 10480 and 10481 of the Iowa Code, 1935, and, after citing and discussing a number of Iowa cases, among which were *Kraft* v. *Kraft*, 193 Iowa, 602; 187 N. W. 449; *Spain* v. *Spain*, 177 Iowa, 249; *Barish* v. *Barish*, 190 Iowa, 493; 180 N. W. 724; *Carr* v. *Carr*, 185 Iowa, 1205; 171 N. W. 785; and *McCoy* v. *McCoy*, 191 Iowa, 973; 183 N. W. 377, concluded that under the law of that state a decree of absolute divorce confirming a property settlement discharged the husband's obligation for further support and precluded the wife's right to any further alimony, and held that the income from the trust in question was not used to satisfy a continuing obligation of the husband and was not taxable to him.

The Supreme Court of the United States granted certiorari and on January 29, 1940, handed down its decision, *Helvering* v. *Fitch*, 309 U. S. 149, reversing the Eighth Circuit and holding that the income from the trust received by the wife was taxable to the husband. After discussing the Iowa cases relied upon by the Eighth Circuit in reaching its decision, and one additional case, *McNary* v. *McNary*, 206 Iowa, 942; 221 N. W. 580, the Supreme Court said:

On this state of the Iowa authorities we can only speculate as to the power of the Iowa court to modify alimony awarded in a lump sum or a property settlement ratified by a divorce decree. * * *

Enough has been said to show that respondent has not sustained the burden of establishing that his case falls outside the general rule expressed in *Douglas* v. *Willcuts, supra.* If we were to conclude that this case is an exception to that rule we would be acting largely on conjecture as to Iowa law. That we cannot do. For if such a result is to obtain, it must be bottomed on clear and convincing proof, and not on mere inferences and vague conjectures, that local law and the alimony trust have given the divorced husband a full discharge and leave no continuing obligation however contingent. Only in that event can income to the wife from an alimony trust be treated under the revenue acts the same as income accruing from property after a debtor has transferred that property to his creditor in full satisfaction of his obligation—unless of course Congress decides otherwise.

Subsequently and on May 7, 1940, petitioner F. W. Fitch filed a petition in the District Court of the State of Iowa in and for Polk County, asking the court to modify the divorce decree entered on December 17, 1925. The petition alleged in part as follows:

That since the above referred to decree was entered the defendant's property and assets have greatly diminished and his financial net worth at this time is less than one-half of what it was at the time the decree was entered. Further, since the entry of said divorce decree, the property, assets and income of the defendant have become impressed with a far greater burden than originally existed. For the year 1933, and years subsequent thereto, the United States Commissioner of Internal Revenue has determined that income of the aforesaid trust payable to the plaintiff, pursuant to the terms thereof, is constructively the income of the defendant in that said income is discharging the defendant's continuing obligation to support the plaintiff and that he is subject to the Federal income tax thereon. For the year 1933 the plaintiff received the sum of $7,128.00 as her share of the trust income for that year. Said Commissioner has added this income to the other income of defendant and has assessed and collected thereon the sum of $1,951.12, by way of additional income taxes and interest for said year. Additional income taxes determined to be due from the defendant by reason of the inclusion as taxable income to him of all trust income payable to the plaintiff are as follows:

| | |
|---|---|
| 1934 | $998. 62 |
| 1935 | 1, 095. 64 |
| 1936 | 2, 521. 49 |

In addition to these amounts interest thereon is accruing at the rate of 6% per annum and there will be an additional estimated deficiency in income taxes, annually, of about $1,500.00.

On the other hand, the financial condition of the plaintiff has materially improved. In the decree of divorce she was awarded the custody of her minor son, Lucius W. Fitch, and the settlement and award of support and alimony contemplated that plaintiff would care and provide for him out of the funds and income awarded her, and in fact, it was agreed and understood that she would provide him with a college education. Said minor son attained his majority on March 27, 1927, two years after the divorce decree was entered and he has since become self supporting. Hence, plaintiff's income has been relieved of this burden. Furthermore, the Commissioner of Internal Revenue has awarded refunds of all income taxes paid by the plaintiff upon her share of the trust income which is now being taxed to the defendant. The common capital stock of The F. W. Fitch Company which was awarded to the plaintiff in the property settlement confirmed in the aforesaid divorce decree has materially increased in value in the hands of the plaintiff and accordingly her financial position and property values have substantially improved and increased.

WHEREFORE, the defendant prays that the decree of divorce awarded the plaintiff herein, be modified so as to reallocate the annual income confirmed in said decree, awarding to the defendant a larger share thereof and decreasing the plaintiff's share, taking into consideration additional income taxes and interest in the sum of $1,951.12 paid by the defendant for 1933 and all additional income taxes which he may be required to pay upon trust income being paid to the plaintiff and so as to establish by an order nunc pro tunc, the status of defendant subsequent to divorce, either as a debtor with a continuing obligation to support plaintiff or as a stranger whose marital obligations were discharged upon divorce and to make such further modification of the divorce decree as may be just and for such further and different equitable relief as to the Court may seem proper in the premises. Defendant further prays that an order be entered herein directing the plaintiff to show cause why the decree of divorce should not be modified as herein prayed and fixing the time and place for hearing thereon.

The court entered an order directing the petitioner's former wife to show cause why the decree of divorce should not be modified as prayed. She responded by filing a motion to dismiss the petition on the following grounds:

Defendant's petition shows on its face that the decree of divorce entered herein was a final adjudication of all marital and property rights between these parties. The Court retained no jurisdiction in the decree either for the purpose of reallocating the income of the trust referred to or to redistribute any of the property involved in the settlement which was approved by the Court and hence it is without power to entertain the petition of defendant.

The decree of divorce herein terminated all marital obligations of these parties and hence a nunc pro tunc order as prayed for in defendant's petition is unwarranted and unnecessary.

After having heard the argument of counsel, the court (May term, 1940) sustained the motion to dismiss the petition and entered its findings as follows:

That on the 17th day of December 1925 the plaintiff was granted an absolute divorce from the defendant by this Court. That said decree of divorce approved a property settlement made by the parties out of court and confirmed

and ratified a certain trust agreement entered into between these parties on or about the 23rd day of April 1923, the same being recorded in Book 870, on Page 502 of the records of the Recorder of Deeds of Polk County, Iowa.

That the decree of divorce entered herein was a final adjudication of all marital and property rights between these parties and that thereafter no obligation rested upon either of the parties to make contributions to the support or income of the other.

That the Court retained no jurisdiction either under the decree entered herein or under the law of this State to in any manner modify, amend or change the decree of divorce entered herein or to reallocate the income of the trust referred to in the decree or to in any manner redistribute the property which was the subject of the settlement made out of Court and approved by the Court in its decree.

That a nunc pro tunc order as prayed for in the defendant's petition could serve no purpose since his status under the decree of divorce heretofore entered was established by the law of this State and thereafter he had no further continuing obligation to support the plaintiff.

The action of the District Court in sustaining the motion to dismiss was appealed to the Supreme Court of Iowa and was pending in that court at the time the present proceedings were presented to this Board. On November 12, 1940, that court handed down its decision, 294 N. W. 577, affirming the decision of the District Court (*Fitch* v. *Fitch*, No. 45360). After reciting the findings of the District Court the court said:

We are of the opinion that this question has been considered, by the bench and bar of this state, fairly well settled. However, in a recent case handed down by the United States Supreme Court, *Helvering* v. *Fitch*, 60 S. Ct. 427, 84 L. ed. 399, Justice Douglas, after reviewing our decisions, makes this statement:

"On this state of the Iowa authorities we can only speculate as to the power of the Iowa court to modify alimony awarded in a lump sum or a property settlement ratified by a divorce decree."

The doubt seems to have been engendered because of what we might call a negative application of section 10481, 1939 Code of Iowa, in three or four cases, the one particularly noticed in the high court's decision being *McNary* v. *McNary*, 206 Iowa 942, 221 N. W. 580. As we read our decisions, we can find little room for doubt as to the attitude we have heretofore taken in reference to this question. * * *

After discussing a number of the Iowa cases hereinabove cited, the court concluded as follows:

So, in the instant case, the decree of divorce fixed and determined the property rights as between these parties by a lump sum allowance. The title to the property allotted to the wife vested in her and the income fixed by the trust agreement, which was payable to her, is contained in an irrevocable trust and the decree of divorce confirming the settlement made between the parties as to the property rights amounts to a lump sum award or allocation of a definite, certain portion of the property of the husband to the wife, and, thereafter, no obligation rested upon either of the parties to make contribution to the support or income of the other and the provisions contained in section

10481 of our code confers [sic] no power or authority upon the court to modify or change said decree.

What we said in *Kraft* v. *Kraft* and *Carr* v. *Carr*, supra, to the effect that, where alimony is allowed in a lump sum as permanent alimony or where there is a division of the property as permanent alimony, the statute does not authorize a change therein except for such reasons as would justify the setting aside or changing of a decree in any other case, is the settled law of this state.

The respondent has determined that the income from the trust for the years 1934 and 1935 received by petitioner's divorced wife constituted taxable income to the petitioner and contends that the decision of the Supreme Court of the United States in *Helvering* v. *Fitch*, *supra*, relating to similar income for the year 1933, makes the question as to the income for 1934 and 1935 *res judicata*, citing *Tait* v. *Western Maryland Railway Co.*, 289 U. S. 620, in support thereof. That contention must be denied. The supervening decision of the Iowa Supreme Court interpreting the state law in direct relation to this divorce decree can not be ignored since the local law is determinative of the point in controversy. *Blair* v. *Commissioner*, 300 U. S. 5. On brief the respondent contends that the *Blair* case is distinguishable from the present case for the reason that "the petition filed by petitioner herein on May 7, 1940, in the Polk County, Iowa, District Court was a nullity *ab initio* in view of petitioner's apparent and inexcusable failure to file a proper application alleging section 10481 [Iowa Code] as the statutory grounds to invoke jurisdiction in the local equity court to modify the original divorce decree." Since the Iowa Supreme Court in its opinion cited that section of the code and stated that it did not confer power or authority upon the court to modify or change the decree, we find no merit in the respondent's contention.

With respect to the years 1934 and 1935, the years here under consideration, the petitioner contends that the recent decision of the Iowa Supreme Court is determinative, and on brief the respondent concedes that: "If it is clear that under the local law of Iowa, the divorce court does not retain jurisdiction and petitioner has been given a full discharge and there is no continuing obligation to support his divorced wife, however contingent, then that part of the trust income distributed to the divorced wife would apparently not constitute taxable income to petitioner."

Whatever doubt existed as to the Iowa law on this point at the time the Supreme Court of the United States decided *Helvering* v. *Fitch*, *supra*, has now been removed by the decision of the Iowa Supreme Court above referred to. It is now settled that the divorce decree confirming the property settlement between petitioner and his wife can not be changed or modified, that petitioner was given a full dis-

charge, and that the income from the trust was not used to satisfy a continuing obligation to support his divorced wife. The income from the trust received by his divorced wife during 1934 and 1935 is not taxable to petitioner. *Helvering* v. *Fuller*, 310 U. S. 69. Cf. *Helvering* v. *Leonard*, 310 U. S. 80. A number of the Iowa cases discussed by the respondent in his brief are distinguishable from the present case in that they involve monthly alimony rather than a final property settlement between husband and wife.

The parties have stipulated as follows:

Petitioner is entitled to a bad debt deduction in the sum of $1,850.00 for the year 1935. The original petition failed to allege error with respect to this item and the same has not heretofore been allowed as a deduction in computing taxable net income. The issue comes before the Board for the first time by amended petition and answer filed upon submission. Since it is conceded petitioner is entitled to a bad debt deduction in the sum of $1,850.00 the deficiency asserted for 1935 is $695.53 in lieu of $1,078.54 asserted in the deficiency notice.

Reviewed by the Board.

*Decisions will be entered under Rule 50.*