Caroline WALKER, Appellee,

v.

Willis WALKER, Appellant.

No. 55172.

Supreme Court of Iowa.

Dec. 20, 1972.

Cray, Walter, Cray & Loeschen, Burlington, for appellant.

Bell & Hansen, New London, for appellee.

Heard before MOORE, C. J., and MASON, RAWLINGS, REES and HARRIS, JJ.

HARRIS, Justice.

Defendant appeals from a judgment entered on a claimed violation of provisions in an original divorce decree. Defendant contends his conduct prior to the entry of the decree cannot form the basis for the judgment. We agree it cannot and reverse.

A divorce decree entered February 15, 1968 contained a unique provision intended to secure plaintiff's right of peaceable possession of a dwelling. After awarding plaintiff occupancy of the farm home for a specified term the decree provided: "* * * that plaintiff's right to occupancy shall be absolute and that she shall have the right of occupancy whether or not she does in fact maintain her residence in the home. Provided further that should the defendant deprive the plaintiff of her peaceful right of occupancy of the home as set forth above, the defendant shall be required to pay to the plaintiff in addition to all other amounts set forth in this decree, the sum of $150.00 for each month or part thereof that such occupancy is denied the plaintiff." The decree was not appealed; nor is its propriety questioned in this action.

As a part of an application filed March 26, 1971 plaintiff asked judgment for. $5500. This represented $150.00 for all the months from the filing of the decree to March 15, 1971. The plaintiff claimed to have been deprived of "her peaceful right of occupancy of the home" during all that period of time. At hearing she offered evidence of two occasions on which defendant acted violently toward her, both of which involved the use of a shotgun. Unquestionably plaintiff was frightened by defendant's actions. Thereafter she and her son abandoned the dwelling. She has never occupied it since.

The difficulty lies in the fact both incidents of violence occurred prior to the date of the original decree. The conduct of defendant appears to have been most reprehensible. He is revealed to be a man of violent temper. His behavior and temperament unquestionably caused plaintiff to abandon the isolated farmhouse in question. However there is no hint in the record of any acts of violence from the date of decree to the filing of the application. Plaintiff herself conceded defendant "* * * has not openly threatened me since the night of the decree because he has only seen me at a distance."

The question thus presented is whether a judgment can now be entered against de-

fendant based on his conduct prior to the decree.

I. Notwithstanding plaintiff's application the original judgment was a final adjudication. Rule 219, Rules of Civil Procedure. Ordinarily a decree of divorce settles all property rights and interests of the parties. Carr v. Carr, 185 Iowa 1205, 171 N.W. 785; Whittier v. Whittier, 237 Iowa 655, 23 N.W.2d 435. This principle is often important in cases where a modification of an original divorce or dissolution decree is sought. Herron v. Herron, 258 Iowa 1052, 141 N.W.2d 562. Obviously no modification is sought in this appeal. Neither is there a question of whether the original decree would support a writ of attachment as in Carr v. Carr, supra and Whittier v. Whittier, supra. Yet the rule that a decree settles all property rights and interests of the parties as of the time of its entry is conclusive of the question presented. The intent of the original decree was to award plaintiff peaceful occupancy of the dwelling. To this end the trial court fixed an amount of continuing money damages for the obvious purpose of governing the conduct of the ill-tempered defendant in the future. The order did not base the money damages on past misconduct, only on future misconduct. The misconduct which preceded the decree may well have justified feelings of insecurity in the plaintiff. Nevertheless they cannot form the basis for money damages accruing after the decree was entered. To allow them to do so would go beyond the intent of the decree and would circumvent the basic function of a judgment.

Reversed.