## Partridge's Estate.

*Decedents' estates—Trusts and trustees—Distribution of income —Lunatics—Committees in lunacy.*

Testatrix by her will devised to her executor two houses in trust to collect the revenues and rents and pay same to a daughter of

testatrix for life with remainder over, and further gave to her executor all the residue of her estate in trust to invest in good securities the principal and pay one-third of the net revenue and income thereof to her daughter for life, providing "the said interest or share and income of my said daughter to be so held and paid as to inure solely to the benefit of my daughter." Testatrix made a further provision whereby the executor was "authorized and empowered to supply any deficiency of income needed" for the purpose of insuring the "comfortable maintenance and support" of the daughter out of the principal of the daughter's share of the trust fund. At the death of the testatrix, the daughter was a lunatic and subsequently a committee in lunacy was appointed for her. There was no hope that the daughter would ever be cured. The age of the daughter was not shown by the testimony, but it appeared that she had two daughters both full grown and married. The trustee filed an account showing a balance of principal in his hands of some $49,000 and a balance of income of over $14,000. The amount expended by the trustee for the maintenance of the daughter at the asylum where she was confined was about $1,500 a year, and it appeared from the testimony that no more could be reasonably expended for that purpose. The balance of income on hand was an accumulation over and above the amount so expended. At the audit of the account, the auditing judge awarded the accumulated income to the committee in lunacy. On exceptions, the court in banc awarded the income to the trustee. Upon appeal, *held*, that the income was properly awarded to the trustee.

Argued March 24, 1913. Appeal, No. 400, Jan. T., 1912, by Hervey S. Walker, Committee in Lunacy of Rowena Vandever, from decree of O. C. Philadelphia Co., July T., 1899, No. 223, sustaining exceptions to adjudication in Estate of Nancy L. Partridge, deceased. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Exceptions to adjudication.

The opinion of the Supreme Court states the case.

The auditing judge, DALLETT, J., awarded the accumulation of income in question to Hervey S. Walker, Committee in Lunacy of Rowena Vandever. Henry R. Edmunds, trustee, filed exceptions to this part of the adjudication, and the Orphans' Court in banc sustained

the exceptions and awarded the accumulation of income to the trustee. Hervey S. Walker, as committee in lunacy, appealed.

*Errors assigned* were in sustaining exceptions to the adjudication of the auditing judge.

*Owen J. Roberts*, of *Roberts, Montgomery & McKeehan*, for appellant.—The authorities warrant the making of the award to the committee: Earp's Est., 2 Pars. Eq. 178; Royer v. Meixel, 19 Pa. 240; Minnich v. People's Trust, Savings & Deposit Co., 29 Pa. Superior Ct. 334.

*Henry R. Edmunds*, with him *Charles Welsh Edmunds*, for appellee, cited: Pleasonton's Est., 232 Pa. 381; Rudy's App., 20 W. N. C. 241; Equitable Trust Co. v. Garis, 190 Pa. 544; Wilson's Est., 2 Pa. 325.

OPINION BY MR. JUSTICE POTTER, May 22, 1913:

Nancy L. Partridge, a widow, died September 20, 1895, leaving a will in which she appointed Henry R. Edmunds as her executor. She devised to him two houses "in trust to collect the revenues and rent therefrom and pay the net amount thereof to my daughter Rowena Vandever for and during the whole term of her natural life," with remainder to the granddaughters of testatrix. She further gave, devised and bequeathed to her executor all the residue of her estate "in trust to invest and keep invested in good and safe securities the principal of my said estate and pay the net revenue and income thereof as follows:......one-third thereof to my daughter Rowena Vandever for and during the whole term of her natural life. The said interest or share and income of my said daughter Rowena to be so held and paid as to inure solely to the benefit of my daughter and not to be responsible, liable or attachable for her debts or liabilities or the debts, liabilities or engage-

ments present or future of her husband." Testatrix further provided: "It is my will and desire that my daughter Rowena, during her lifetime, shall have every comfort and convenience consistent with her situation and condition and her interest and share of my estate. I therefore order and direct the trustee named in my said will in the event of the income of my said daughter's share of my estate not being sufficient for her comfortable maintenance and support, as herein desired and directed, and the said trustee and his successor is hereby authorized and empowered to supply any deficiency of income needed for the above purpose out of the principal of my daughter's share of my estate." It appears from the adjudication that at the time of the death of the testatrix her daughter Mrs. Vandever was a lunatic and was confined at Burn Brae, Delaware County. She still continues insane, with brief lucid intervals, and there is no hope that she will ever be cured. She is now at the Friends' Asylum at Frankford. Her age does not appear from the testimony, but she has two daughters both fully grown and married. While she was at Burn Brae, Joseph Fleming was appointed as her committee by the Court of Common Pleas of Delaware County. He subsequently resigned, and in May, 1911, Hervey S. Walker was appointed committee in his place. The trustee filed an account showing a balance of principal in his hands of $49,975.96, and a balance of income of $14,153.69. The amount expended by the trustee for the maintenance of Mrs. Vandever is about $1,500 a year, and the testimony shows that no more could reasonably be expended for that purpose. The balance of income on hand, as above stated, is an accumulation over and above the amount expended. At the audit of the account the committee in lunacy claimed the accumulated income, and the auditing judge awarded it to him. The trustee filed exceptions to this award, and the court in banc sustained the exceptions, and awarded the income to the trustee, to be by him retained for the

purpose of the trust. The committee has appealed, and his counsel assigns for error the sustaining of the exceptions, and the entry of the final decree of the Orphans' Court awarding the fund to the trustee.

The only question raised by this appeal is whether the net income of the trust fund is properly payable to the committee in lunacy, or should be retained and disbursed by the trustee. A number of cases were cited in the argument as analogous to the present case, but in none of them were the facts precisely similar. The claim by the committee here is for income only. In Wilson's Est., 2 Pa. 325, the claim by the committee was for the principal, and the disposition of the income was not considered. In Royer v. Meixel, 19 Pa. 240, there was a devise of land to a lunatic's son, and testator directed his executors "to take all my son George's share into their care so that he cannot dispose of it without their permission." It was held that the income was payable to the committee of the lunatic, on the ground that no interest in the estate was vested in the executors, and no duty enjoined upon them, and that all that was given them was a mere naked authority to restrain alienation. In Rudy's App., 20 W. N. C. 241, it was provided that "the said trustee shall keep, support and maintain out of said trust fund my said daughter Fianna, until married," etc. Mr. Justice STERRETT there said that to require the trustee to pay the income to the committee of the lunatic "would deprive him of the only means he has of performing the active duties of the trust as contemplated by the testatrix." In Pleasanton's Est., 232 Pa. 381, the legacy was for the benefit of a minor, not of a lunatic, and the trustee was directed to "apply the same or as much thereof as shall be needed for the support, maintenance and education of my greatniece." It was held that the duty of the trustee was to expend the income for the benefit of the minor, and that duty was not performed by paying it over to the guardian of her estate. The

general rule followed in the cases cited seems to be, that where by the terms of the trust the income is payable to the beneficiary without any duty upon the part of the trustee to see to its application, or any discretion in him to determine the amounts or manner of payments, it will go to the committee in lunacy. But where discretion as to the payment of the income is given to the trustee, or where he is directed to see to its application, the trustee should retain and disburse the income, and should not pay it to the committee. In the present case the testatrix directed, "the said interest or share of my said daughter Rowena to be so held and paid as to inure solely to the benefit of my daughter." The income is to be both "held and paid" by the trustee and to him was committed the duty of seeing that it shall "inure solely to the benefit of my daughter." In a later provision of the will there is also clearly manifest the intention of the testatrix to vest in the trustee a discretion as to the "comfortable maintenance and support" of her daughter. He is expressly "authorized and empowered to supply any deficiency of income needed for the above purpose" out of the principal of the daughter's share of the trust fund. Evidently it was the expectation of the testatrix that the trustee whom she had chosen, and in whose judgment she confided, would see to the comfortable maintenance and support of her daughter who was at that time mentally afflicted, and the testatrix was willing to trust to the discretion of this trustee in determining the necessity for encroaching upon the principal of the trust fund. As stated in the opinion of the court below it was the discretion of the trustee upon which the testatrix relied, and which she wished to be exercised. If the trustee were simply to pay over the income to the committee, it would be an avoidance of the responsibility placed upon him by the testatrix, and would leave no room for the exercise of the discretion vested in him.

In the argument a suggestion was made as to the ap-

plication of part of the accumulated income for the re-
lief of an adult and married daughter of the lunatic.
That matter does not properly arise in this case, and
has not been taken into consideration. The only ques-
tion here decided is that under the language of the will
the trustee is entitled to hold and disburse the income
for the benefit of the lunatic.

The assignments of error are dismissed and the de-
cree of the court below is affirmed.