LEO A. BALZEREIT AND ROSA IDA SCHWEIKER, GUARDIANS OF THE ESTATE OF GEORGE H. BALZEREIT, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 82386. Promulgated August 16, 1938.

*Isadore Stern, Esq.*, for the petitioners.
*E. C. Algire, Esq.*, for the respondent.

OPINION.

BLACK: The Commissioner has determined a deficiency against petitioners for the year 1932 of $4,240.31. The deficiency results from including in the taxable income of petitioners the amount of $29,-776.15 dividends received from the estate of Leo G. Balzereit. The petitioners attack this action of the Commissioner in the following assignment of error:

(a) The Commissioner erred in adding to the income returned by your petitioners the income received by the trustees for George H. Balzereit under the will of Leo G. Balzereit, deceased.

The facts were stipulated and we adopt the stipulation of facts, together with the exhibits attached thereto, as our findings of fact.

We shall incorporate in this report such parts of the facts as seem necessary to an understanding of the issue to be decided.

George Henry Balzereit was declared incompetent by reason of weakness of mind on October 10, 1925, by the Court of Common Pleas No. 3, Philadelphia County. His father, Leo G. Balzereit, was appointed guardian of his estate at that time and continued in that capacity until his death on July 9, 1929. Thereafter, on August 8, 1929, Leo A. Balzereit and Rosa Ida Schweiker, children of Leo G. Balzereit and brother and sister, respectively, of George Henry Balzereit, were substituted as guardians of said estate.

By his will, Leo G. Balzereit created a testamentary trust or trusts in favor of George Henry Balzereit, to which he bequeathed certain shares of the capital stock in certain corporations, together with other property, for the uses and purposes set forth in paragraphs 11 and 12 therein.

During the year 1932, the executors of the estate of Leo G. Balzereit made the following disbursements by checks drawn as indicated, which represented amounts received as dividends on the shares of capital stock in certain corporations which were included in the corpus of the aforesaid trusts:

| Date | Drawn to order of | Amount |
|---|---|---|
| Jan. 6, 1932 | Estate of Geo. H. Balzereit | $7,500.00 |
| Apr. 6, 1932 | Integrity Trust Co., Agent for Guardians of Geo. H. Balzereit | 8,600.00 |
| July 6, 1932 | Integrity Trust Co., Agent for Guardians of Estate of Geo. H. Balzereit | 9,415.70 |
| Oct. 5, 1932 | Integrity Trust Co., Agent for Guardians, Estate of Geo. H. Balzereit | 4,260.45 |
| | Total | 29,776.15 |

The foregoing amount of $29,776.15 was shown on the income tax return filed by the executors of the estate of Leo G. Balzereit, for the year 1932, as representing distributions to George Henry Balzereit.

The Integrity Trust Co., one of the trustees and depository of the funds of both the trust or trusts, as aforesaid, and of the funds of the guardian of the estate of George Henry Balzereit, credited the aggregate amount of $29,776.15 to the trustee account and not to the guardian account of George Henry Balzereit.

The Integrity Trust Co., Rosa Ida Schweiker, and Leo A. Balzereit filed an income tax return as trustees for George Henry Balzereit u/w Leo G. Balzereit, deceased, for the year 1932, in which the foregoing amount of $29,776.15 was reported as income.

An income tax return was filed for the year 1932 by the "Integrity Trust Company, Agent for Rosa Ida Schweiker and Leo A. Balzereit, Guardians of the Estate of George Henry Balzereit." No part of the foregoing amount of $29,776.15 was included in the return.

The pertinent parts of paragraphs 11 and 12 of the will of Leo G. Balzereit, deceased, which created the testamentary trust in favor of George Henry Balzereit, read as follows:

*Eleventh.* I give and bequeath two thousand (2,000) shares of the National Dairy Products Corporation common stock owned by me at the time of my death unto the Trustees hereinafter named, in trust, nevertheless, to hold the same, sell the same whenever such Trustees shall deem advisable, hold the proceeds thereof, invest and reinvest the same, and keep the same invested, collect the income from said stock or the proceeds thereof, and, after deducting the expenses of the trust, pay the net income to, or, in the discretion of the Trustees, apply the said net income to the maintenance and support of, my son George Henry Balzereit for and during the term of his natural life.

\* \* \* \* \* \* \*

All dividends received on said stock payable after my death shall pass to the said George Henry Balzereit as income.

*Twelfth.* All the rest, residue and remainder of the property and estate, of every kind and wheresoever situate, real, personal and mixed, of which I shall die seized or possessed, and all of the property and estate, of every kind and wheresoever situate, real, personal, and mixed, as to which I shall have any power of appointment, whether by deed, will or otherwise, I dispose of as follows:

(a) As to one-third thereof I provide:

(1) Two thousand (2,000) shares of the National Dairy Products Corporation common stock owned by me at the time of my death I give and bequeath unto the Trustees hereinafter named, in trust, nevertheless, to hold the same, sell the same whenever such Trustees shall deem advisable, hold the proceeds thereof, invest and reinvest the same, and keep the same invested, collect the income from said stock or the proceeds thereof, and, after deducting the expenses of the trust, pay the net income to, or, in the discretion of the Trustees, apply the said net income to the maintenance and support of, my son George Henry Balzereit for and during the term of his natural life.

\* \* \* \* \* \* \*

All dividends received on said stock payable after my death shall pass to the said George Henry Balzereit as income.

Paragraph 19 of the will reads as follows:

*Nineteenth.* Wherever herein I have provided by this my will for the payment or delivery of income or principal to any beneficiary, I direct that the same shall not be subject to attachment, execution, sequestration or to any order of the Court, and that the said beneficiary shall have no power to alienate or antici-pate said payments or deliveries or encumber the same, nor shall said income or principal be liable for the contracts, debts and engagements of such beneficiary, but the same shall be paid and delivered by my Executors or Trustees to such beneficiary free and clear of all assignments, attachments, anticipations, levies, executions, decrees and sequestrations and shall only become the property of said beneficiary when actually received by him or her.

In a statement attached to the deficiency notice the Commissioner, after referring to certain provisions in the will of decedent, Leo G. Balzereit, states, among other things, as follows:

In each instance the will provides for the income to be paid to George H. Balzereit or, in the discretion of the trustees, to be applied to his maintenance and support. Nowhere in the will is there any provision for the trustees to accumulate the net income of the trust, it is either to be paid to George H. Balzereit, or to be applied to his maintenance and support.

After careful reading of the will it is apparent that there was no intent on the part of the testator to treat this individual different from the other heirs. He was the preferred beneficiary and it is apparent that the testator's reason for

making this distinction was on account of his illness. The will definitely provides that "all dividends received on said stock (4,000 shares National Dairy Products stock) payable after my death shall pass to said George Henry Balzereit as income." This statement seems to clearly show that it was not the testator's intention to permit the trustees, who were also the guardians, to accumulate the income in the trust.

In view of these facts the adjustments in the income as outlined in the revenue agent's report and Bureau letter dated February 14, 1935, are sustained.

From the foregoing statement of facts it will be seen that there is no question raised but that the $29,776.15 dividends in question were taxable income. The only question is, To whom were they taxable? Petitioners contend that the dividends were taxable to the testamentary trust; that the trust had discretion under the will to distribute the income or not as it, within its discretion, saw fit; and that in the taxable year the trust made no distribution of income to the guardians of the beneficiary, George Henry Balzereit.

The trust, in harmony with the foregoing contentions, filed a return for the year 1932 and rendered the $29,776.15 for taxation. We do not have that tax return before us for consideration.

The Commissioner contends (1) that the income of the testamentary trust was actually distributed in 1932 to the guardians of the beneficiary, George Henry Balzereit, (2) that even if the income was not actually distributed to petitioners as the guardians of George Henry Balzereit, nevertheless it was mandatorily distributable and is therefore taxable to petitioners, rather than to the testamentary trust.

The applicable statutes are printed in the margin.[1]

---

[1] Section 161 (a), Revenue Act of 1932, reads, in part:

"(a) APPLICATION OF TAX.—The taxes imposed by this title upon individuals shall apply to the income of estates or of any kind of property held in trust, including—

\*    \*    \*    \*    \*    \*    \*

"(2) Income which is to be distributed currently by the fiduciary to the beneficiaries, and income collected by a guardian of an infant which is to be held or distributed as the court may direct;

\*    \*    \*    \*    \*    \*    \*

"(4) Income which, in the discretion of the fiduciary, may be either distributed to the beneficiaries or accumulated."

Section 162 (b) and (c) of the Revenue Act of 1932 read as follows:

"The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

"(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under subsection (c) of this section in the same or any succeeding taxable year.

"(c) In the case of income received by estates of deceased persons during the period of administration of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary."

We agree with the view of respondent that the facts as stipulated show that the dividends were actually paid to petitioners as guardians in the taxable year. Three of the checks were made out to "Integrity Trust Company, Agent for Guardians of George H. Balzereit," and the other one was made out simply to "Estate of George H. Balzereit." It seems reasonable to assume, in the absence of any showing to the contrary, that this latter check was also intended for the estate of George H. Balzereit which was in the hands of his guardians. Therefore all these payments made in 1932 were made to the guardians of the estate of George H. Balzereit and were taxable to them as guardians of the estate of George H. Balzereit and not to the fiduciaries of the trust estate which was created by Leo G. Balzereit for the benefit of George H. Balzereit. It is true that the stipulation shows that "The Integrity Trust Company, one of the trustees and depositary of the funds of both the trust or trusts, as aforesaid, and of the funds of the Guardians of the Estate of George Henry Balzereit, credited the aggregate amount of $29,776.15 to the trustee account and not to the guardian account of George Henry Balzereit." We think this fact is without controlling significance. If the $29,776.15 was actually distributed to the guardians of George H. Balzereit within the taxable year, we think they would be taxable with it, even though they permitted the checks to be credited to the account of the trustees. But even if we are wrong in concluding from the facts that the $29,776.15 was actually distributed to the guardians within the taxable year, nevertheless we think respondent's second contention must be sustained. This second contention is that under the terms of the testamentary trust, the income was currently distributable and therefore taxable to the beneficiary, whether actually distributed to him or not. Under the provisions of the statutes which we have printed in the margin, it is of course clear that where under the terms of the trust the income is currently distributable it is taxable to the beneficiary, whether distributed or not. *Estate of Henry Mayer*, 16 B. T. A. 1164; *Luke W. McCrory, Trustee*, 25 B. T. A. 994; affd., 69 Fed. (2d) 688; *Guitar Trust Estate*, 25 B. T. A. 1213; affirmed on this point, 72 Fed. (2d) 544; *Jack M. Franks*, 32 B. T. A. 260.

The petitioners contend, however, that the trustees were not mandatorily required to distribute the income of the trust, but had it within their discretion to distribute whatever part of the income they saw fit and to retain whatever of the income they saw fit and add it to the corpus of the trust estate. In support of this contention they rely principally upon that part of the language of the will which we have italicized in the following passage:

* * * collect the income from said stock or the proceeds thereof, and, after deducting the expenses of the trust, pay the net income to, or *in the discretion*

*of the Trustees, apply the said net income to the maintenance and support of my son, George Henry Balzereit, for and during the term of his natural life.*

It will be noted that by the language above italicized the trustees were not vested with any such broad discretion as was present in the trust involved in *State Savings Loan & Trust Co.* v. *Commissioner*, 63 Fed. (2d) 482, affirming 25 B. T. A. 228. In that case both the Board and the court held that the trustee was given discretion as to the distribution of income because of the following provision in the trust indenture:

\* \* \* Said trustees shall pay *all or part* of the net income on the trust created for the education, comfort and support of said grandchildren *whenever in the judgment of said trustees* it is for the best interest of said grandchildren or any of them so to do. [Italics supplied.]

Under such a provision it was clear that the trustees in that trust were vested with the sole discretion to either accumulate or distribute income as they saw fit. Not so in the instant case. The trust instrument which we have here for consideration contains no provisions for the accumulation of income. On the contrary, the last sentence of paragraph 11 of the will reads as follows: "All dividends received on said stock payable after my death shall pass to the said George Henry Balzereit as income."

The effect of the provisions of the will of Leo G. Balzereit relating to income of the testamentary trust, when read together, is that the trustees might either pay the money over to the beneficiary (guardians) and let them spend it as they saw fit, subject of course to supervision of the court, or they (the trustees) might themselves spend it for his benefit, but this discretion did not give the trustees any right to accumulate the income either as a part of the trust estate or otherwise. The income was, under the terms of the trust, that of the beneficiary and was distributable to him either in cash or in the form of maintenance currently. Of course, inasmuch as George H. Balzereit had been declared mentally incompetent to manage his estate and guardians had been appointed for his estate, the trustees had no power to pay the income directly to him but payment to his guardians has the same tax effect as if paid directly to him. Petitioners lay emphasis on the statement in paragraph 19 of the will, which we have quoted above, wherein it is said that the income "shall only become the property of said beneficiary when actually received by him or her."

The provisions contained in paragraph 19 apply, not only to the testamentary trust set up for George Henry Balzereit, mentally incompetent son of decedent, but also to decedent's other two children, Leo A. Balzereit and Rosa Ida Schweiker, as well. It certainly is

clear that, under the terms of the testamentary trusts set up in the will for the benefit of Leo A. Balzereit and Rosa Ida Schweiker, the income was currently distributable and the trustees were given no power to accumulate income. The purpose of the provision in paragraph 19 to which we have just referred was to prevent the beneficiaries from encumbering their distributable shares of the net income from the trust estates. It confers no power in the trustees to accumulate income or to hold it for future distribution. The provisions of decedent's will required the trustees to distribute the income of the testamentary trusts currently. In such a case the net income of the trust is taxable to the beneficiary to whom distributable, and not to the trust itself, whether distributed within the taxable year or not.

*Decision will be entered for the respondent.*