ESTATE OF GEORGE H. BALZEREIT, A WEAK-MINDED PERSON, ROSA IDA
SCHWEIKER, LEO A. BALZEREIT AND GIRARD TRUST COMPANY,
GUARDIANS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE,
RESPONDENT.

Docket No. 104500. Promulgated April 14, 1942.

*Isadore Stern, Esq.,* for the petitioners.
*Paul E. Waring, Esq.,* for the respondent.

960

## OPINION.

LEECH: The petitioners are the guardians of the estate of an incompetent who was beneficiary of three testamentary trusts. The respondent determined that the income of the trusts was currently distributable to the beneficiary under the terms of the trusts and so added such income to other income of the beneficiary under the substantially similar provisions of section 162 (b) of the Revenue Acts of 1934, 1936, and 1938.[1] The petitioners contend the respondent erred in his

---

[1] SEC. 162. NET INCOME. [Revenue Act of 1938.]

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

   \*       \*       \*       \*       \*       \*       \*

determination that the income was currently distributable. Was such income currently distributable? That is the only issue submitted.

The respondent pleads and relies upon the decision of *Leo A. Balzereit et al., Guardians*, 38 B. T. A. 345; affd., 107 Fed. (2d) 1008, as *res judicata* and conclusive here. In that case, income from the same trusts for the year 1932 was held to be currently distributable and therefore taxable to the estate of George H. Balzereit. Sec. 162 (b), Revenue Act of 1934.

Petitioners rely upon three decrees of the Orphans' Court of Philadelphia County, dated June 13, 1941, entered upon the audit of each of the three accounts of the trustees of the three trusts in which George H. Balzereit, the incompetent, was beneficiary. They say that these decrees operate to relieve the effect of the prior decision as *res judicata* and are controlling in this proceeding.

Whether the income received by the trusts was or was not currently distributable was finally determinable by the state court having jurisdiction of those trusts. *Letts* v. *Commissioner*, 84 Fed. (2d) 760. No question of collusion or lack of good faith is involved in the proceedings before the Orphans' Court of Philadelphia County culminating in the three decrees upon which petitioners rely. Cf. *Otto C. Botz*, 45 B. T. A. 970. In fact, respondent does not charge collusion here. He contends only (1) that the three decrees of the Orphans' Court of Philadelphia County upon which petitioner relies did not decide that the contested income here was or was not currently distributable and (2) that since the three decrees to which reference was made were entered *nisi*, they are not final and therefore not controlling here. Neither position, we think, is sound.

In each of the three decrees of the Orphans' Court of Philadelphia County, not only principal of each trust but accumulated income therefrom was awarded to the trusts, in each instance, and not to the estate of the incompetent beneficiary. In each case this was done by that court specifically upon the authority of *In re Partridge's Estate*, 241 Pa. 158; 88 Atl. 367. That case involved the question of whether accumulated income of a testamentary trust for the benefit of the lunatic daughter of the testatrix should be awarded to the trust and be retained and disbursed by it for the benefit of the beneficiary, or awarded to the committee for the lunatic for the same purpose. The Supreme Court of Pennsylvania there stated the general rule:

* * * to be that, where by the terms of the trust the income is payable to the beneficiary, without any duty upon the part of the trustee to see to its application, or any discretion in him to determine the amounts or manner of

---

(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year, which is to be distributed currently by the fiduciary to the beneficiaries, * * * but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. * * *

payments, it will go to the committee in lunacy. But where discretion as to the payment of the income is given to the trustee, or where he is directed to see to its application, the trustee should retain and disburse the income, and should not pay it to the committee.

The court then concluded that the trustees there had such discretion and accordingly awarded the income to the trusts.

We think the court thus clearly decided that the contested income from the three trusts here was not currently distributable. Cf. *Letts* v. *Commissioner, supra.*

It is true that the wording of the Pennsylvania statute providing for review of decisions of the Orphans' Court is peremptory and states that within five years after a decision of that court becomes final, a review "shall" be granted upon application.[2] However, as was stated by the Supreme Court of Pennsylvania in *In re Bailey's Estate*, 291 Pa. 421; 140 Atl. 145. "* * * the [statutory] language used is imperative, 'the orphans' court *shall* grant'; but it is well settled that a review will be granted by the orphans' court only in accordance with the general principles governing bills of review in ordinary equity practice." Such a bill of review is a proceeding independent from that sought to be reviewed. Its purpose is to examine a decree and, if possible, to alter or reverse it. A review may be a matter of right under some circumstances and discretionary with the court in others. But, in any event, either basis must be established by bringing a bill of review for that purpose. *In Re Bailey's Estate, supra.* None has been brought here. The situation is thus not different from that in *Letts* v. *Commissioner, supra,* involving the question of current distributability of income of a testamentary trust. The trustees of the trust there filed their account, including the contested income, with the State Court having jurisdiction of the trust. The Circuit Court, in affirming 30 B. T. A. 800, said:

> The Court, after hearing the matter, made its order approving, allowing and settling the account, thereby finally determining that the $1,185,088.24 was currently distributable to the beneficiaries of the trust, including petitioner. That order has not been reversed or overruled and is, herefore, conclusive. *Freuler* v. *Helvering*, 291 U. S. 35.

We conclude that the decrees of the Orphans' Court upon which petitioners rely have become final and are binding upon this Board. *Freuler* v. *Helvering*, 291 U. S. 35; *Jennie Arrott Adams*, 44 B. T. A. 408; *Susan B. Armstrong*, 38 B. T. A. 658; *Letts* v. *Commissioner, supra.*

The rule is clear that the effect of this rule can not be defeated by the plea of *res judicata.* The supervening decrees of the Orphans' Court of Philadelphia County, Pennsylvania, are determinative of the issue here present, notwithstanding the prior decision of the Board.

---

[2] Purdon's Pennsylvania Statutes, Annotated, title 20, sec. 843.

*Blair* v. *Commissioner*, 300 U. S. 5; *F. W. Fitch*, 43 B. T. A. 773. As the Supreme Court said in a similar situation involved in the *Blair* case:

\* \* \* The supervening decision of the state court interpreting that law in direct relation to this trust cannot justly be ignored in the present proceeding so far as it is found that the local law is determinative of any material point in controversy. Compare *Freuler* v. *Helvering*, 291 US. 35, 54 S. Ct. 308, 78 L Ed. 634; *Hubbell* v. *Helvering*, (C. C. A.) 70 F (2d) 668.

Reviewed by the Board.

*Decision will be entered for the petitioners.*

TURNER dissents.

---

DISNEY, dissenting: I must dissent from the views expressed in the majority opinion. I feel that the sound and established principle of reliance upon *res adjudicata* is by the majority subordinated to an idea not safely applied here, that is, the idea that a local rule of property controls. The *Fitch* and *Blair* cases both involved supervening decisions by the state court of last resort, recognized by all as able to lay down property rules for the state. Here only an inferior court has spoken, since the decision relied upon for *res adjudicata*. The parties to the proceeding in the inferior court are not the same as herein, so that *res adjudicata* principles do not apply. Therefore the decision of the inferior court must depend upon whether it has effect to lay down a rule of property, overriding *res adjudicata*. Such opinion would be at most persuasive authority in another local court of the same grade, and would not be recognized as conclusive by such other court. Even if one of the parties were the same, such other inferior court would not be bound by a decision of a coordinate court. Here only one of the parties, the Commissioner, is the same. I think we should not be more concluded by an inferior court than is another inferior court of the same grade, as against reliance upon *res adjudicata*. Local inferior courts, many in number, might differ widely in opinion upon like facts, and are inherently unable to lay down a local rule of property, in the absence of such common parties as to cause *res adjudicata*. We have a plain case of *res adjudicata* here, and I think we should rely upon it, in the absence of a dictate from the state court of last resort, binding as a property rule.

Moreover, since *In re Bailey's Estate*, 291 Pa. 421, states that, "A review is a matter of right where the bill is founded on errors of law appearing on the face of the record", it seems to me that the decision of the local court can not, within the five-year period for review, be relied on in the absence of a finding that no such errors of law appeared on the face of the judgment relied on.